UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30061-MAP

MARK A. RICHARDS, )
    Plaintiff )
)
vs. )
)
RIVER VALLEY COUNSELING CENTER, INC., )
VALLEY HEALTH SYSTEMS, INC., )
DAVID G. MATTOCKS AND DONNA VIENS, )
    Defendants )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The plaintiff is an adult resident of 19 Lyman Road in Chester, Hampden County, Massachusetts. At all times relevant to this Complaint, he was employed by River Valley Counseling Center, Inc.

2. The defendant, River Valley Counseling Center, Inc. ("River Valley"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 319 Beech Street, Holyoke, Hampden County, Massachusetts. It is a person engaged in commerce or an industry or activity affecting commerce. It employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and thus is an employer within the meaning of 29 U.S.C. § 2611(4)(A)(i).

3. The defendant, Valley Health Systems, Inc. ("Valley Health"), is a nonprofit corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 20 Hospital Drive, Holyoke, Hampden County,

388581

Massachusetts. At all times relevant herein, it was a person who acted, directly or indirectly, in the interests of River Valley to Mark A. Richards, an employee of River Valley, and is therefore an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I).

4. Upon information and belief, the defendant, David G. Mattocks, is a natural person who resides in Vernon, Vermont. At all relevant times he was an employee of Valley Health Systems, Inc., with responsibilities to act as the Chief Executive Officer of River Valley. As such, he is an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I).

5. Upon information and belief, the defendant, Donna Viens, is a natural person who resides in Hampden County, Massachusetts. At all relevant times she was the Director of Human Resources of River Valley and is therefore an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I).

## JURISDICTION AND VENUE

6. This is a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA). In enacting the FMLA, the United States Congress found specifically that it is important for the development of children and the family unit that fathers be able to participate in the care of family members who have serious health conditions, and that the lack of employment policies to accommodate working parents could force individuals to choose between job security and parenting. Congress enacted the FMLA to entitle employees to take reasonable leave to take care of a child with a serious health condition. This case involves the termination of the plaintiff, for exercising his rights under the FMLA. The FMLA provides that an individual seeking redress under the FMLA may

388581

commence an action in the state or federal court. Therefore, this court has jurisdiction and venue pursuant to 29 U.S.C. § 2617(a)(2).

## FACTUAL STATEMENTS

7. The plaintiff has worked for 16 years for River Valley and its predecessors, most recently as its Director of Psychiatric Day Treatment, Partial Hospitalization and Dialectical Behavior Therapy Services. He has always met the legitimate expectations of the employer and has been an outstanding employee. His latest review in his personal file is a strong review, and his program has continually been one of the most successful at the River Valley Counseling Center. Over the years, the plaintiff had worked numerous hours uncompensated for the agency and had always been a positive member of the management team.

8. The plaintiff has one daughter, under the age of 18, who has had a serious health condition for several years. In 2000-2001, the plaintiff requested, and received, leave under the FMLA on an intermittent basis to care for his daughter.

9. On September 3, 2004, the plaintiff again requested intermittent family leave to care for his daughter, who continued to have a serious health condition. The defendants, Donna Viens and David Mattocks, approved said leave and knew full well that he would be taking intermittent leave throughout the year running from September 8, 2004 to September 7, 2005.

10. River Valley had more than 50 employees within 75 miles of the worksite the plaintiff worked at, and the plaintiff had at least 1,250 hours of service with his employer during the previous 12-month period. As such, the plaintiff was fully eligible for FMLA leave.

388581

11. Full well knowing the plaintiff was on FMLA leave, and impermissibly motivated by his taking of FMLA leave, the defendants terminated the plaintiff on November 4, 2004, in willful disregard of his rights under the FMLA. Said termination was motivated by, among other things, retaliation for his taking FMLA leave.

WHEREFORE, the plaintiff demands that he be:

(A) reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits; (B) compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of the FMLA; (C) compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of the FMLA; (D) an amount of damages for emotional distress caused by the violation of the FMLA; (E) an award of interest and attorneys' fees and costs; and (F) liquidated damages and punitive damages.

The plaintiff demands a trial by jury on all issues to which he is entitled.

          THE PLAINTIFF
          MARK A. RICHARDS

By _____
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

388581

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mark A. Richards

## DEFENDANTS

River Valley Counseling Center, Inc., Valley Health Systems, Inc., David G. Mattocks and Donna Viens

(b) County of Residence of First Listed Plaintiff  Hampden County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Hampden County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John C. Sikorski, Esq., Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
(413) 732-2301

Attorneys (If Known)
Mary Jo Kennedy, Esq., Bulkley Richardson & Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
(413) 781-2820

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                    DOCKET NUMBER

DATE  3/3/05

SIGNATURE OF ATTORNEY OF RECORD  /s/ John C. Sikorski

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Mark A. Richards v. River Valley Counseling Center, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [x]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John C. Sikorski, Esq.,
ADDRESS ROBINSON DONOVAN, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115
TELEPHONE NO. (413) 732-2301

(Coversheetlocal.wpd - 10/17/02)