UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS, )<br>     Plaintiff )<br> )<br>vs. )<br> )<br>RIVER VALLEY COUNSELING, )<br>CENTER, INC., VALLEY HEALTH )<br>SYSTEMS, INC., DAVID G. MATTOCKS )<br>AND DONNA VIENS, )<br>     Defendants ) | ANSWER OF DEFENDANTS,<br>RIVER VALLEY COUNSELING<br>CENTER, INC. AND DAVID G.<br>MATTOCKS, TO PLAINTIFF'S<br>COMPLAINT<br>(JURY TRIAL DEMANDED) |

The defendants, River Valley Counseling Center, Inc. ("River Valley") and David G. Mattocks ("Mr. Mattocks") (collectively "the defendants"), respond to the allegations contained in plaintiff's complaint, as follows:

FIRST DEFENSE

1. The defendants admit that Mr. Richards was employed by River Valley, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint.

2. The defendants admit that River Valley is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 319 Beech Street, Holyoke, Hampden County, Massachusetts and that it employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The defendants admit that Mr. Mattocks is a person who resides in Vernon, Vermont, but deny all remaining allegations in paragraph 4 of the Complaint.

5. The defendants admit that Donna Viens is a person and that she is River Valley's Director of Human Resources, but deny all remaining allegations contained in paragraph 5 of the Complaint.

6. The defendants admit that plaintiff's civil cover sheet states that this is a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq., but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. The defendants admit that plaintiff worked for 16 years for River Valley and its predecessors, most recently as its Director of Psychiatric Day Treatment, but deny all remaining allegations contained in paragraph 7 of the Complaint.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. The defendants admit that Mr. Richards requested using family leave in order to attend to the medical needs of his daughter and that Donna Viens approved the intermittent leave during the period of September 8, 2004 to September 7, 2005, deny that the leave was requested on September 3, 2004 and deny that Mr. Mattocks approved said leave, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

10. The defendants admit the allegations contained in paragraph 10 of the Complaint.

11. The defendants deny each and every allegation contained in paragraph 11 of the Complaint.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

All of the alleged actions and inactions of the defendants with respect to the matters referred to in the Complaint were in good faith.

## FOURTH DEFENSE

All of the alleged actions or inactions of the defendants with respect to the matters referred to in the Complaint were justified.

## FIFTH DEFENSE

All of the alleged actions or inactions of the defendants with respect to the matters referred to in the Complaint were privileged.

## SIXTH DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

## SEVENTH DEFENSE

The defendants' actions or inactions were taken for legitimate and nondiscriminatory business reasons.

<u>JURY TRIAL DEMANDED</u>

THE DEFENDANTS, RIVER VALLEY COUNSELING CENTER, INC. AND DAVID G. MATTOCKS, DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

|  |  |
|---|---|
| | The Defendants<br>RIVER VALLEY COUNSELING CENTER, INC.<br>AND DAVID G. MATTOCKS |
| | /s/ Mary J. Kennedy |
| Dated:  April 28, 2005 | _____<br>Francis D. Dibble, Jr.<br>BBO No. 123220<br>Mary J. Kennedy<br>BBO No. 552345<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115<br>Tel:  (413) 781-2820<br>Fax:  (413) 272-6803 |