UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30061-MAP

MARK A. RICHARDS,                                          )
     Plaintiff                                           )
                                                           )
vs.                                                        )
                                                           )
RIVER VALLEY COUNSELING CENTER, INC.,  )
VALLEY HEALTH SYSTEMS, INC.,                  )
DAVID G. MATTOCKS AND DONNA VIENS,    )
     Defendants                                          )

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

The plaintiff hereby moves, pursuant to Fed. R. Civ. P. 15(a), to amend his complaint by

adding related charges of discrimination.  The plaintiff brought a one count complaint for

violations of the Family Medical Leave Act in this Court on March 3, 2005.  At or about the

same time, he filed charges of discrimination with the Massachusetts Commission Against

Discrimination (MCAD) and the United States Equal Employment Opportunity Commission

(EEOC).  After allowing the MCAD and EEOC an appropriate time to conciliate the claims, the

plaintiff has elected to bring those discrimination claims in this forum and hereby moves that he

be allowed to do so.  Said Motion to Amend is timely, with merit and will not prejudice the

defendants.  The Court has only recently held the initial Pre-Trial Conference in this matter.  The

proposed Amended Complaint is attached hereto as Exhibit 1.  In further support, the plaintiff

submits his Memorandum of Law.

THE PLAINTIFF
MARK A. RICHARDS

By_____*/s/ John C. Sikorski*_____
John C. Sikorski, Esq., BBO No.:  461970
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658

404314

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| RIVER VALLEY COUNSELING CENTER, INC., | ) |
| VALLEY HEALTH SYSTEMS, INC., | ) |
| DAVID G. MATTOCKS AND DONNA VIENS, | ) |
|     Defendants | ) |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.     The plaintiff is an adult resident of 19 Lyman Road in Chester, Hampden County, Massachusetts.  At all times relevant to this Complaint, he was employed by River Valley Counseling Center, Inc.  His date of birth is July 6, 1950.

2.     The defendant, River Valley Counseling Center, Inc. ("River Valley"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 319 Beech Street, Holyoke, Hampden County, Massachusetts.  It is a person engaged in commerce or an industry or activity affecting commerce.  It employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and thus is an employer and a person within the meaning of 29 U.S.C. § 2611(4)(A)(i), 29 U.S.C. § 630(a), (b), 42 U.S.C. § 12111(5)(a) and M.G.L. c. 151B, §§ 1, 5.

3.      The defendant, Valley Health Systems, Inc. ("Valley Health"), is a nonprofit corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 20 Hospital Drive, Holyoke, Hampden County, Massachusetts. At all times relevant herein, it was a person who acted, directly or indirectly, in the interests of River Valley with regard to Mark A. Richards, an employee of River Valley, and is therefore an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I). Its Chief Executive Officer and others actively directed and aided and abetted the decisions relating to the employee, Mark A. Richards. Therefore, Valley Health is an employer within the meaning of the ADA, the ADEA and M.G.L. c. 151B, § 1 and/or an agent of the plaintiff's employer and/or a person who aided and abetted and otherwise brought about, or caused illegal discrimination and interference with the Complainant's right to enjoy reasonable accommodations to his disability.

4.      Upon information and belief, the defendant, David G. Mattocks, is a natural person who resides in Vernon, Vermont. At all relevant times he was an employee of Valley Health Systems, Inc., with responsibilities to act as the Chief Executive Officer of River Valley. As such, he is an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I). Mattocks is either an employer, an agent of the plaintiff's employer and/or the person who aided and abetted and otherwise brought about or caused the illegal discrimination suffered by the plaintiff and Mattocks furthermore interfered with the Complainant's right to enjoy a reasonable accommodation to his disability.

5.      Upon information and belief, the defendant, Donna Viens, is a natural person who resides in Hampden County, Massachusetts. At all relevant times she was the Director of Human Resources of River Valley and is therefore an employer within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I). Viens is either an employer, an agent of the plaintiff's employer and/or the

person who aided and abetted and otherwise brought about or caused the illegal discrimination suffered by the plaintiff and Viens furthermore interfered with the Complainant's right to enjoy a reasonable accommodation to his disability.

## JURISDICTION AND VENUE

6.      This is a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA).  In enacting the FMLA, the United States Congress found specifically that it is important for the development of children and the family unit that fathers be able to participate in the care of family members who have serious health conditions, and that the lack of employment policies to accommodate working parents could force individuals to choose between job security and parenting.  Congress enacted the FMLA to entitle employees to take reasonable leave to take care of a child with a serious health condition.  This case involves the termination of the plaintiff, for exercising his rights under the FMLA.  The FMLA provides that an individual seeking redress under the FMLA may commence an action in the state or federal court.  Therefore, this court has jurisdiction and venue pursuant to 29 U.S.C. § 2617(a)(2).

7.      This is also a claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, 12117(a) and the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, § 1 *et seq.*  This Court has direct jurisdiction and venue pursuant to the ADA, the ADEA and ancillary jurisdiction of the plaintiff's state law claims under M.G.L. c. 151, § 9.  The plaintiff has fully complied with all prerequisites to bring suit, including filing charges with the Massachusetts Commission against Discrimination and the Equal Employment Opportunity Commission and securing appropriate permission from those agencies to bring this suit after the agencies had an appropriate time to conciliate and/or reconcile his claims.

## FACTUAL STATEMENTS

8.     The plaintiff has worked for 16 years for River Valley and its predecessors, most recently as its Director of Psychiatric Day Treatment, Partial Hospitalization and Dialectical Behavior Therapy Services.  He has always met the legitimate expectations of the employer and has been an outstanding employee.  His latest review in his personnel file is a strong review, and his program has continually been one of the most successful at the River Valley Counseling Center.  Over the years, the plaintiff had worked numerous hours uncompensated for the agency and had always been a positive member of the management team.

9.     The plaintiff has one daughter who has had a serious health condition for several years.  In 2000-2001, the plaintiff requested, and received, leave under the FMLA on an intermittent basis to care for his daughter.  At the time of this request, and at all times relevant hereto, the plaintiff's daughter was a minor.

10.     The plaintiff's daughter has a disability and the plaintiff was in a close personal relationship with his daughter, a person with a disability and, therefore, is entitled to the protections of the Americans with Disabilities Act.  See 29 C.F.R. .§ 1630.8.

11.     On September 3, 2004, the plaintiff again requested intermittent family leave to care for his daughter, who continued to have a serious health condition.  The defendants, Donna Viens and David Mattocks, approved said leave and knew full well that he would be taking intermittent leave throughout the year running from September 8, 2004 to September 7, 2005.

12.     River Valley had more than 50 employees within 75 miles of the worksite the plaintiff worked at, and the plaintiff had at least 1,250 hours of service with his employer during the previous 12-month period.  As such, the plaintiff was fully eligible for FMLA leave.

13.     Full well knowing the plaintiff was on FMLA leave, and impermissibly motivated by his taking of FMLA leave, the defendants terminated the plaintiff on November 4, 2004, in willful disregard of his rights under the FMLA.  Said termination was motivated by, among other things, retaliation for his taking FMLA leave.  The termination was also motivated by the plaintiff's need to take leave arising out of his need to take care of his daughter, a person with a disability.

14.     The plaintiff suffered from a disability, to wit, skin cancer.  The defendants also regarded him as having a disability.  The defendants replaced the plaintiff with an individual approximately 10 years younger, with lesser qualifications and with no disability.  The defendants' explanation for terminating the plaintiff is unworthy of belief, and is a pretext, among other things, for discrimination on the basis of age and disability.  The plaintiff made a request pursuant to M.G.L. c. 149, § 52(C) for his complete personnel record.  Said statute requires the defendant employer to provide all documents (with a limited exception to protect the right of privacy of others, exception not applicable to this case) which relate to an employee's qualifications for employment, including continued employment.  The defendants produced no documents at all justifying his termination or relating to his termination.  The defendants provided conflicting, inconsistent explanations unworthy of belief for their conduct relating to the plaintiff, including not understanding the statutory requirements relating to the filling of the position.  Furthermore, the individual defendant, Mattocks, obtained his position with River Valley and Valley Health through the means of fraud by, among other things, misrepresenting that the Ph.D. he has is a legitimate Ph.D. whereas it is a phony Ph.D. purchased from a well-known fraudulent institution.  The defendants conduct in terminating the plaintiff constituted illegal age and disability discrimination.

15.     The defendants' conduct was in willing and knowing disregard of the plaintiff's rights under the discrimination statutes and the FMLA.

16.     The defendants, Viens, Mattocks and Valley Health Systems, Inc., to the extent they are not the plaintiff's employer, aided and abetted and otherwise brought about or caused the illegal discrimination; and/or were the agents of River Valley; and interfered with plaintiff's right to enjoy a reasonable accommodation to his disability.

## COUNT I

### (Violation of the FMLA against all Defendants)

17.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of his amended complaint and incorporates them herein by reference.

18.     The defendants knowingly and willfully violated the FMLA in its treatment of the plaintiff.

WHEREFORE, the plaintiff demands that he be:

A.     reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits;

B.     compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of the FMLA;

C.     compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of the FMLA;

D.     an amount of damages for emotional distress caused by the violation of the FMLA;

E.     an award of interest and attorneys' fees and costs; and

F.     liquidated damages and punitive damages.

## COUNT II

### (Violation of the Americans with Disabilities Act against all Defendants)

19.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 of his amended complaint and incorporates them herein by reference.

20.     The defendants violated the Americans with Disabilities Act by discriminating against the plaintiff because of his disability, because it regarded him as being disabled and because he was in a relationship with a person with a disability, to wit, his daughter.

WHEREFORE, the plaintiff demands that he be:

A.     reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits;

B.     compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of the ADA;

C.     compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of the ADA;

D.     an amount of damages for emotional distress caused by the violation of the ADA;

E.     an award of interest and attorneys' fees and costs; and

F.     liquidated damages and punitive damages.

## COUNT III

### (Violation of M.G.L. c. 151B - Handicap Discrimination against all Defendants)

21.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 of his amended complaint and incorporates them herein by reference.

22.     The defendants' conduct violated M.G.L. c. 151B in that the defendants discriminated against the plaintiff because of his actual handicap, the defendants perception of him as being handicapped and his relationship with his daughter, a person with a disability.

WHEREFORE, the plaintiff demands that he be:

A.     reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits;

B.     compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of M.G.L. c. 151B;

C.     compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of M.G.L. c. 151B;

D.     an amount of damages for emotional distress caused by the violation of M.G.L. c. 151B;

E.     an award of interest and attorneys' fees and costs; and

F.     liquidated damages and punitive damages.

## COUNT IV

### (Violations of the ADEA against all Defendants)

23.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of his amended complaint and incorporates them herein by reference.

24.     The defendants' violated the Age Discrimination in Employment Act in its termination of the plaintiff.  Said conduct was knowing and willful.

WHEREFORE, the plaintiff demands that he be:

A.     reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits;

B.      compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of the ADEA;

C.      compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of the ADEA;

D.      an amount of damages for emotional distress caused by the violation of the ADEA;

E.      an award of interest and attorneys' fees and costs; and

F.      liquidated damages and punitive damages.

## COUNT V

### (Violations of M.G.L. c. 151B - Age Discrimination against all Defendants)

25.     The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 of his amended complaint and incorporates them herein by reference.

26.     The defendants, each one of them, discriminated against the plaintiff on the basis of his age, in violation of M.G.L. c. 151B.  Said conduct was in willful disregard of the plaintiff's rights.

WHEREFORE, the plaintiff demands that he be:

A.      reinstated to an appropriate position with full back pay, reinstatement of all benefits, and otherwise compensated for the value of all lost fringe benefits;

B.      compensated for all wages, salary, employee benefits and other compensation denied or lost to him by reason of the violation of M.G.L. c. 151B;

C.      compensated for all monetary losses, including back pay and front pay suffered as a result of the violation of M.G.L. c. 151B;

D.     an amount of damages for emotional distress caused by the violation of M.G.L. c.

151B;

E.     an award of interest and attorneys' fees and costs; and

F.     liquidated damages and punitive damages.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TO WHICH HE

IS ENTITLED.

THE PLAINTIFF
MARK A. RICHARDS


By    */s/ John C. Sikorski*
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  461970