UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK R. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G. MATTOCKS<br>AND DONNA VIENS,<br>    Defendants | OPPOSITION OF DEFENDANTS<br>TO PLAINTIFF'S MOTION<br>TO AMEND COMPLAINT |

The defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., David G. Mattocks, and Donna Viens, pursuant to Fed. R. Civ. P. 15(a) and Local Rule 7.1, oppose Plaintiff's Motion to Amend Complaint ("Motion to Amend"). The Motion to Amend seeks to add claims of age and disability discrimination. Grounds for this opposition are that plaintiff failed to comply with Local Rule 7.1 and that the claims asserted in the proposed amended complaint are futile.

PROCEDURAL HISTORY

On March 3, 2005, plaintiff filed a one-count complaint alleging a violation of the Family Medical Leave Act. The claim arises out of plaintiff's termination of employment from River Valley Counseling Center, Inc. ("RVCC") on November 4, 2004. Prior to commencing this action, on February 23, 2005, plaintiff filed a charge of discrimination in the Massachusetts Commission Against Discrimination ("MCAD") alleging claims of age and disability discrimination arising out of the termination of plaintiff's employment at RVCC. On May 13, 2005, the MCAD dismissed Plaintiff's charge of discrimination for the following reasons:

> "Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint."
> (See copy of Dismissal and Notification of Rights and Memorandum attached hereto as Tab 1 to Exhibit A).

Pending the appeal of the MCAD's dismissal of the charge, plaintiff filed with the MCAD a request for withdrawal of the claims, which was allowed on June 13, 2005. (See copy of MCAD's Order dated June 13, 2005, attached hereto as Tab 2 to Exhibit A). On August 11, 2005, plaintiff filed the Motion to Amend.

## ARGUMENT

Generally, while leave to amend a complaint is liberally granted, this Court has the discretion to deny a motion to amend if it believes that, as a matter of law, the amendment would be futile. Carlo v. Reed Rolled Thread Die Company, 49 F. 3d 790, 792 (1st Cir. 1995) (citations omitted).[1] In this case, plaintiff's Motion to Amend should be denied for at least two reasons. First, plaintiff failed to comply with Local Rule 7.1, which requires the moving party to include a certification on the motion that prior to filing the motion, counsel has conferred and attempted in good faith to resolve or narrow the issue. Local Rule 7.1. Plaintiff's Motion to Amend does not contain the required certification.

Second, the MCAD, the state agency empowered to investigate employment discrimination claims, has evaluated Plaintiff's charge of discrimination and concluded

---

[1] Defendants do not dispute that the Motion to Amend was filed within the time frame set by the July 20, 2005 Scheduling Order and before the beginning of discovery in this case.

that based upon the MCAD's investigation, it was unable to conclude that the information obtained established a violation of the discrimination statutes. Accordingly, plaintiff's claims of age and disability discrimination appear to be futile, and plaintiff should not be entitled to proceed with these discrimination claims.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Amend should be denied.

The Defendants
By Their Attorneys

/s/ Mary J. Kennedy

Dated: August 25, 2005

_____
Francis D. Dibble, Jr.
BBO No. 123220
Mary J. Kennedy
BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6803

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK R. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G. MATTOCKS<br>AND DONNA VIENS,<br>    Defendants | AFFIDAVIT OF<br>MARY J. KENNEDY |

I, Mary J. Kennedy, depose and state as follows:

1. I am counsel of record for the defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., David G. Mattocks, and Donna Viens, in the captioned matter.

2. Attached hereto as Tab 1 are copies of the Dismissal and Notification of Rights and Memorandum, which I received on or about May 13, 2005.

3. Attached hereto as Tab 2 is a copy of the MCAD's Order dated June 13, 2005, which I received on or about June 15, 2005.

Signed under the penalties of perjury this 25th day of August, 2005.

/s/ Mary J. Kennedy
_____
Mary J. Kennedy
BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6803

**TAB 1**

The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA 01103
Phone: (413) 739-2145  Fax: (413) 784-1056

- DISMISSAL and NOTIFICATION of RIGHTS -

| To: | John C. Sikorski, Esquire | Case: Mark Richards v. Valley Health Systems, et al |
| | 1500 Main Street, Suite 1600 | MCAD Docket Number: 052300505 |
| | PO Box 15609 | EEOC Number: 16CA501013 |
| | Springfield, MA 01115 | Investigator: Carrie J. Payne |

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state)

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Migdalia Rivera.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____  5/13/05
Walter Sullivan               Date
Investigating Commissioner

Cc:   Mary J. Kennedy, Esquire
      Bulkley, Richardson, and Gelinas
      PO Box 15507
      Springfield, MA 01115-5507

MEMORANDUM

CASE NAME: Mark A. Richards v. Valley Health Systems, et al
DOCKET NO: 052300505
EEOC NO: 16CA501013
NUMBER OF EMPLOYEES: 25+
INVESTIGATOR: Carrie Payne

    RE:   RECOMMENDATION FOR DISMISSAL OF COMPLAINT
    DATE: May 10, 2005

**ISSUE(S) INVESTIGATED:**

On February 23, 2005, Complainant charged Respondent with discriminating against him by subjecting him to unequal terms and conditions of employment by wrongfully terminating his employment on the basis of his disability (Skin Cancer), his association with an individual with a disability, his age (D.O.B. 7/6/50). This is in violation of MGL Chapter 151B § 4 ¶ 1B and 16, the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA).

Complainant further charged individual Respondents with aiding and abetting Respondent as they discriminated against Complainant on the basis of his disability, association with a disabled individual, and age, in violation of M.G.L. Chapter 151B § 4 ¶ 1B, 4a, and 16, the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA).

**SUMMARY OF FINDINGS:**

Respondent denies all allegations. The evidence presented supported Respondents position that Complainant was not subjected to unlawful discrimination based on his age, disability, or association with a disabled individual. Further, the evidence presented support Respondent's legitimate, non-discriminatory business reason for terminating Complainant's employment.

Complainant has alleged that the elimination of his position was a pretext for terminating him unlawfully on the basis of his protected class. Respondent denies having any knowledge that Complainant was disabled, and denies that the decision to eliminate his position was on the basis of his association with a disabled individual. Further, Respondent denies eliminating Complainant's position on the basis of his age, and the evidence submitted demonstrates no pattern of hiring or terminating employment on the basis of age.

Respondent has articulated a legitimate, non-discriminatory business reason for deciding to eliminate Complainant's position. Specifically, Complainant's position was restructured so that two other employees absorbed his job duties, and his position was completely eliminated. Respondent has demonstrated that this restructuring was based on a rational, financially based business reason, and was not based on a pretext.

The Complainant has failed to substantially dispute the position of the Respondent. Therefore, there is insufficient evidence upon which a fact-finder could form a reasonable belief that the respondent committed an unlawful practice.

_Carrie Payne_
Carrie Payne
Investigator

_Migdalia Rivera_
Migdalia Rivera
Supervisor

# TAB 2

*Commonwealth of Massachusetts*
*Commission Against Discrimination*
*436 Dwight Street, Suite 220*
*Springfield, MA 01103*

```
*******************************
                              *
                              *
Mark Richards,                *
         Complainant          *
                              *      Docket: 05-23-00505
                              *
Valley Health Systems, Inc.   *
           Respondent         *
                              *
                              *
*******************************
```

You are hereby notified that the Commission has granted your request to withdraw the appeal filed in the above-referenced matter in order to file an action in court based on the same matter.

So Ordered this 13th day of June, 2005.

Cynthia A. Tucker
Investigating Commissioner