UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING,<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G. MATTOCKS<br>AND DONNA VIENS,<br>    Defendants | ANSWER OF DEFENDANTS,<br>RIVER VALLEY COUNSELING<br>CENTER, INC. AND DAVID G.<br>MATTOCKS, TO PLAINTIFF'S<br>FIRST AMENDED COMPLAINT<br>(JURY TRIAL DEMANDED) |

The defendants, River Valley Counseling Center, Inc. ("River Valley") and David G. Mattocks ("Mr. Mattocks") (collectively "the defendants"), respond to the allegations contained in plaintiff's First Amended Complaint ("Amended Complaint"), as follows:

FIRST DEFENSE

1. The defendants admit that Mr. Richards was employed by River Valley, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Amended Complaint.

2. The defendants admit that River Valley is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 319 Beech Street, Holyoke, Hampden County, Massachusetts and that it employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Amended Complaint.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.

4. The defendants admit that Mr. Mattocks is a person who resides in Vernon, Vermont, but deny all remaining allegations in paragraph 4 of the Amended Complaint.

5. The defendants admit that Donna Viens is a person and that she is River Valley's Director of Human Resources, but deny all remaining allegations contained in paragraph 5 of the Amended Complaint.

6. The defendants admit that plaintiff's civil cover sheet states that this is a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq., but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. The defendants admit that plaintiff worked for 16 years for River Valley and its predecessors, most recently as its Director of the Psychiatric Day Treatment Program, but deny all remaining allegations contained in paragraph 8 of the Amended Complaint.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. The defendants admit that Mr. Richards requested using family leave in order to attend to the medical needs of his daughter and that Donna Viens approved the intermittent leave during the period of September 8, 2004 to September 7, 2005, deny that the leave was requested on September 3, 2004 and deny that Mr. Mattocks approved said leave, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Amended Complaint.

12. The defendants admit the allegations contained in paragraph 12 of the Amended Complaint.

13. The defendants deny each and every allegation contained in paragraph 13 of the Amended Complaint.

14. The defendants deny each and every allegation contained in paragraph 14 of the Amended Complaint.

15. The defendants deny each and every allegation contained in paragraph 15 of the Amended Complaint.

16. The defendants deny each and every allegation contained in paragraph 16 of the Amended Complaint.

Count I

17. In response to the allegations contained in paragraph 17 of the Amended Complaint, the defendants adopt by reference their responses contained in paragraphs 1 through 16, above.

18. The defendants deny each and every allegation contained in paragraph 18 of the Amended Complaint.

## Count II

19. In response to the allegations contained in paragraph 19 of the Amended Complaint, the defendants adopt by reference their responses contained in paragraphs 1 through 18, above.

20. The defendants deny each and every allegation contained in paragraph 20 of the Amended Complaint.

## Count III

21. In response to the allegations contained in paragraph 21 of the Amended Complaint, the defendants adopt by reference their responses contained in paragraphs 1 through 20, above.

22. The defendants deny each and every allegation contained in paragraph 22 of the Amended Complaint.

## Count IV

23. In response to the allegations contained in paragraph 23 of the Amended Complaint, the defendants adopt by reference their responses contained in paragraphs 1 through 22, above.

24. The defendants deny each and every allegation contained in paragraph 24 of the Amended Complaint.

Count V

25.     In response to the allegations contained in paragraph 25 of the Amended Complaint, the defendants adopt by reference their responses contained in paragraphs 1 through 24, above.

26.     The defendants deny each and every allegation contained in paragraph 26 of the Amended Complaint.

SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

THIRD DEFENSE

All of the alleged actions and inactions of the defendants with respect to the matters referred to in the Amended Complaint were in good faith.

FOURTH DEFENSE

All of the alleged actions or inactions of the defendants with respect to the matters referred to in the Amended Complaint were justified.

FIFTH DEFENSE

All of the alleged actions or inactions of the defendants with respect to the matters referred to in the Amended Complaint were privileged.

SIXTH DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

SEVENTH DEFENSE

The defendants' actions or inactions were taken for legitimate and nondiscriminatory business reasons.

## EIGHTH DEFENSE

Some of plaintiff's claims in the Amended Complaint are barred by plaintiff's failure to exhaust administrative remedies.

## NINTH DEFENSE

Plaintiff is not entitled to punitive damages because defendants' conduct has not been outrageous because of evil motive or reckless indifference to the rights of others with respect to matters referred to in the Amended Complaint.

## TENTH DEFENSE

Plaintiff did not have an impairment that substantially limited any major life activity nor was he regarded by the defendants as having a disability.

## ELEVENTH DEFENSE

Plaintiff was not a "qualified handicapped person" as that term is defined under Mass. General Laws Chapter 151B.

## TWELFTH DEFENSE

Plaintiff was not a "qualified individual with a disability" as that term is defined under 42 U.S.C. § 12111.

<u>JURY TRIAL DEMANDED</u>

THE DEFENDANTS, RIVER VALLEY COUNSELING CENTER, INC. AND DAVID G. MATTOCKS, DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

|  |  |
|---|---|
|  | The Defendants<br>RIVER VALLEY COUNSELING CENTER, INC.<br>AND DAVID G. MATTOCKS<br>By Their Attorneys |
|  | /s/ Mary J. Kennedy |
| Dated: September 2, 2005 | _____ |
|  | Francis D. Dibble, Jr.<br>BBO No. 123220<br>Mary J. Kennedy<br>BBO No. 552345<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115<br>Tel: (413) 781-2820<br>Fax: (413) 272-6803 |