UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING,<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G. MATTOCKS<br>AND DONNA VIENS,<br>    Defendants | ANSWER OF DEFENDANT<br>DONNA VIENS TO PLAINTIFF'S<br>AMENDED COMPLAINT<br>(JURY TRIAL DEMANDED) |

The defendant, Donna Viens ("the defendant"), responds to the allegations contained in plaintiff's First Amended Complaint ("Amended Complaint"), as follows:

FIRST DEFENSE

1.    The defendant admits that Mr. Richards was employed by River Valley Counseling Center, Inc. ("River Valley"), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.    The defendant admits that River Valley employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current calendar year, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Amended Complaint.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5. The defendant admits that Donna Viens is a person who resides in Hampden County, Massachusetts and that she is the Director of Human Resources of River Valley, but denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

6. The defendant admits that the plaintiff's civil cover sheet states that this is a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq., but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. The defendant admits that the plaintiff was the Director of the Psychiatric Day Treatment Program, but denies each and every remaining allegation contained in paragraph 8 of the Amended Complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. The defendant admits that plaintiff requested using family leave in order to attend to the medical needs of his daughter and admits that she approved the intermittent leave during the period of September 8, 2004 to September 7, 2005, denies that the leave was requested on September 3, 2004, and denies that Mr. Mattocks approved said leave, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. The defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

13. The defendant denies each and every allegation contained in paragraph 13 of the Amended Complaint.

14. The defendant denies each and every allegation contained in paragraph 14 of the Amended Complaint.

15. The defendant denies each and every allegation contained in paragraph 15 of the Amended Complaint.

16. The defendant denies each and every allegation contained in paragraph 16 of the Amended Complaint.

<u>Count I</u>

17. In response to the allegations contained in paragraph 17 of the Amended Complaint, the defendant adopts by reference her responses contained in paragraphs 1 through 16, above.

18. The defendant denies each and every allegation contained in paragraph 18 of the Amended Complaint.

## Count II

19. In response to the allegations contained in paragraph 19 of the Amended Complaint, the defendant adopts by reference her responses contained in paragraphs 1 through 18, above.

20. The defendant denies each and every allegation contained in paragraph 20 of the Amended Complaint.

## Count III

21. In response to the allegations contained in paragraph 21 of the Amended Complaint, the defendant adopts by reference her responses contained in paragraphs 1 through 20, above.

22. The defendant denies each and every allegation contained in paragraph 22 of the Amended Complaint.

## Count IV

23. In response to the allegations contained in paragraph 23 of the Amended Complaint, the defendant adopts by reference her responses contained in paragraphs 1 through 22, above.

24. The defendant denies each and every allegation contained in paragraph 24 of the Amended Complaint.

## Count V

25. In response to the allegations contained in paragraph 25 of the Amended Complaint, the defendant adopts by reference her responses contained in paragraphs 1 through 24, above.

26.     The defendant denies each and every allegation contained in paragraph 26 of the Amended Complaint.

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

All of the alleged actions and inactions of the defendant with respect to the matters referred to in the Amended Complaint were in good faith.

## FOURTH DEFENSE

All of the alleged actions or inactions of the defendant with respect to the matters referred to in the Amended Complaint were justified.

## FIFTH DEFENSE

All of the alleged actions or inactions of the defendant with respect to the matters referred to in the Amended Complaint were privileged.

## SIXTH DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

## SEVENTH DEFENSE

The defendant's actions or inactions were taken for legitimate and nondiscriminatory business reasons.

## EIGHTH DEFENSE

Some of plaintiff's claims in the Amended Complaint are barred by plaintiff's failure to exhaust administrative remedies.

## NINTH DEFENSE

Plaintiff is not entitled to punitive damages because defendant's conduct has not been outrageous because of evil motive or reckless indifference to the rights of others with respect to matters referred to in the Amended Complaint.

## TENTH DEFENSE

Plaintiff did not have an impairment that substantially limited any major life activity nor was he regarded by the defendant as having a disability.

## ELEVENTH DEFENSE

Plaintiff was not a "qualified handicapped person" as that term is defined under Mass. General Laws Chapter 151B.

## TWELFTH DEFENSE

Plaintiff was not a "qualified individual with a disability" as that term is defined under 42 U.S.C. § 12111.

## JURY TRIAL DEMANDED

THE DEFENDANT, DONNA VIENS, DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

                                                                        The Defendant
DONNA VIENS
By Her Attorneys

/s/ Mary J. Kennedy

Dated: September 2, 2005                          _____
Francis D. Dibble, Jr.
BBO No. 123220
Mary J. Kennedy
BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820; Fax: (413) 272-6803