UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK A. RICHARDS, | ) | Civil Action No. 05-30061-MAP |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | JOINT MOTION FOR ENTRY |
| | ) | OF PROTECTIVE ORDER |
| RIVER VALLEY COUNSELING | ) | |
| CENTER, INC., VALLEY HEALTH | ) | |
| SYSTEMS, INC., DAVID G. MATTOCKS | ) | |
| AND DONNA VIENS, | ) | |
|     Defendants | ) | |

The parties to this action hereby jointly move the Court, pursuant to Federal Rule of Civil Procedure 26(c), for the entry of a protective order in the form attached hereto as Exhibit A.

This motion is based on the need to protect and preserve to the extent possible the confidentiality of certain documents and information while affording the parties an opportunity to obtain and review such documents through discovery for appropriate use in this litigation.

Accordingly, the parties request that this motion be allowed and that a protective order enter in the form proposed.

Dated:   November 1, 2005

                                                      Respectfully submitted:

| The Plaintiff | The Defendants |
|---|---|
| MARK A. RICHARDS | RIVER VALLEY COUNSELING |
| By His Attorney: | CENTER, INC., VALLEY HEALTH |
| | SYSTEMS, INC., DAVID G. MATTOCKS |
| | AND DONNA VIENS |
| | By Their Attorney: |
| | |
| /s/ John C. Sikorski | /s/ Mary J. Kennedy |
| John C. Sikorski (BBO No. 461970) | Francis D. Dibble, Jr. (BBO No. 123220) |
| Robinson Donovan, P.C. | Mary J. Kennedy (BBO No. 552345) |
| 1500 Main Street, Suite 1600 | Bulkley, Richardson and Gelinas, LLP |
| Springfield, MA  01115 | 1500 Main Street, Suite 2700 |
| Tel:  (413) 732-2301 | Springfield, MA 01115 |
| Fax:  (413) 785-4658 | Tel:  (413) 272-6242 |
| | Fax: (413) 272-6803 |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK A. RICHARDS,        )<br>      Plaintiff               )<br>                                )<br>vs.                              )<br>                                )<br>RIVER VALLEY COUNSELING    )<br>CENTER, INC., VALLEY HEALTH   )<br>SYSTEMS, INC., DAVID G. MATTOCKS )<br>AND DONNA VIENS,            )<br>      Defendants             ) | Civil Action No. 05-30061-MAP<br><br><br>PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. As used herein, the term "Protected Matter" refers to interrogatory answers and all documents produced by River Valley Counseling Center, Inc., Valley Health Systems, Inc., David G. Mattocks, Donna Viens, or H-C Management Services, Inc. (hereinafter "Defendants") through discovery in this action and stamped by the Defendants "Confidential" or "Confidential: Counsel and Experts Only" substantially in accordance with Paragraph 4 of this Protective Order, and all copies, excerpts, summaries or compilations of such documents or interrogatory answers that, in whole or in part, are prepared or derived from, or reveal the substance or content of, Protected Matter.

2. Protected Matter shall be maintained in confidence in accordance with this order and used solely for the purpose of this litigation and not for any business or any other purpose whatsoever.

3. Protected Matter, or the substance or content of Protected Matter, shall not be disclosed to any person other than:

2

(a) (i) Counsel of record for the plaintiff, Mark A. Richards ("Plaintiff"); and (ii) the foregoing counsel's clerical and support staff who assist in connection with this action;

(b) Court personnel and stenographic reporters and their clerical and support staff who perform tasks concerning this action;

(c) Subject to the terms of Paragraph 5 hereof, Plaintiff;

(d) Subject to the terms of Paragraph 6 hereof, any person expected in good faith by Plaintiff's counsel of record to be a potential trial witness; and

(e) Subject to the terms of Paragraph 5 hereof, experts retained by Plaintiff in connection with this action, and employees of such experts who assist with tasks concerning this action.

4. With respect to any matter the Defendants intend to be governed by this Order, it shall stamp the Protected Matter "Confidential" or "Confidential: Counsel and Experts Only."

5. Protected Matter shall be disclosed to any persons identified pursuant to Paragraph 3, subsections (c) and (e), only after such persons have signed a copy of the attached form of "Commitment to Comply With and Be Bound by Protective Order."

6. Protected Matter stamped "Confidential: Parties, Counsel and Experts Only," or the substance or content thereof, shall not be disclosed to the persons identified pursuant to Paragraph 3(d) hereof. Protected Matter stamped "Confidential" may be disclosed to the persons identified pursuant to Paragraph 3(d) hereof only at the offices of Plaintiff's counsel. Protected Matter shall be disclosed to any persons identified pursuant

to paragraph 3(d) only after such persons have signed a copy of the attached form of "Commitment to Comply With and be Bound by Protective Order."

7. Protected Matter shall be stored in discrete files maintained for that purpose in the offices of Plaintiff's counsel of record and/or the offices of any independent experts authorized to have access to Protected Matter pursuant to this Order and/or the residence of Plaintiff. Such files shall be labeled with the name and number of this action and a statement that the information contained therein is subject to a Protective Order and may be disclosed only to persons authorized to have access thereto under the terms of that Order.

8. In the event that the legend "Confidential" or "Confidential: Plaintiff, Counsel or Experts Only" is stamped on Protected Matter, it shall be preserved or stamped on any copies, excerpts, summaries or compilations of such documents that, in whole or in part, are prepared or derived from, or reveal the substance or content of, Protected Matter. If Plaintiff objects to the Defendants' stamping certain documents "Confidential" or "Confidential: Plaintiff, Counsel and Experts Only," Plaintiff may submit a written notice of objection to counsel for the Defendants, which notice shall include a statement of the grounds for the objection. Counsel of record for the parties shall attempt in good faith to resolve such disputes. If, within ten (10) working days of the defendants receiving written notice of the grounds for Plaintiff's objection to the designation, the parties do not reach an agreement, Plaintiff may file with the Court a motion to strike the designation, and the parties agree that the Court may strike the designation if it finds that the confidential designation was not justified.

9. At least ten (10) business days prior to the disclosure of Protected Matter or the substance or content thereof at the trial or at any hearing in this action, notice shall be given to the defendants and the Court will rule on any motions regarding whether disclosure shall occur only in the presence of persons authorized to have access to the Protected Matter. This procedure shall not apply to any Emergency Motion provided that the Emergency Motion filed with the Clerk's Office redacts the Protected Matter until such time as the Court has ruled on any disclosure concerns of the defendants. Plaintiff may submit an unredacted copy of the Emergency Motion in a sealed envelope addressed to the Court, or follow any other procedure as directed by the Court.

10. At the conclusion of this action, all Protected Matter shall be returned to the Defendants, except that Protected Matter incorporated in work product of Plaintiff's counsel shall either be destroyed or be stored by Plaintiff's counsel of record as set forth in Paragraph 7 of this Order.

11. This Order is without prejudice to the right of either party to object to production of particular documents or to seek other or further relief from the Court on any issue.

12. Failure to abide by the terms of this Protective Order may result in an immediate termination of access to any and all files, documents, video or audiotapes related to this case and the imposition of sanctions.

                                                      Michael A. Ponsor
                                                      United States District Judge

Dated:                 , 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK A. RICHARDS, | ) | Civil Action No. 05-30061-MAP |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | COMMITMENT TO COMPLY |
| | ) | WITH AND BE BOUND BY |
| RIVER VALLEY COUNSELING | ) | PROTECTIVE ORDER |
| CENTER, INC., VALLEY HEALTH | ) | |
| SYSTEMS, INC., DAVID G. MATTOCKS | ) | |
| AND DONNA VIENS, | ) | |
|     Defendants | ) | |

    The undersigned, (i) plaintiff Mark A. Richards; or (ii) an expert retained by plaintiff in the captioned action or an employee of such an expert who has been requested to assist in tasks concerning this action; or (iii) a potential deposition or trial witness in this case, hereby certifies under oath:

    1.    I have read the Protective Order dated _____, 2005 that has been entered in the captioned action.

    2.    I agree to be bound by all of the terms and conditions of that Protective Order.

    3.    For the sole purpose of securing compliance with the terms and conditions of that Protective Order, I irrevocably submit my person to the jurisdiction of the United States District Court for the District of Massachusetts.

    _____

COMMONWEALTH OF MASSACHUSETTS

    On this _____ day of _____, 20__, before me, the undersigned notary public, personally appeared _____[name of document signer], proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document in my presence.

    _____
    [seal]

    My commission expires: _____