UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G.<br>MATTOCKS AND DONNA VIENS,<br>    Defendants | MEMORANDUM OF LAW IN<br>SUPPORT OF MOTION FOR<br>SUMMARY JUDGMENT OF<br>DEFENDANTS, RIVER VALLEY<br>COUNSELING CENTER, INC.,<br>VALLEY HEALTH SYSTEMS, INC.,<br>AND DONNA VIENS |

## I. Introduction

Plaintiff, Mark A. Richards ("Plaintiff"), was employed by River Valley Counseling Center, Inc.'s ("RVCC") as the Program Director for its Psychiatric Day Treatment Program. On November 4, 2004, RVCC terminated Plaintiff's employment after eliminating the Program Director position for cost savings reasons.

On February 23, 2005, Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD").[1] On March 3, 2005, Plaintiff filed his complaint in this action, which contained a claim of violation of Family and Medical Leave Act ("FMLA") (Count I). On August 26, 2005, Plaintiff filed an amended complaint adding additional counts for violation of the Americans With Disabilities Act ("ADA") (Count II), handicap discrimination under Chapter 151B (Count III), violation of the Age Discrimination in Employment Act (Count IV); and age discrimination under Chapter 151B (Count V). Plaintiff brought these discrimination claims against four defendants: his employer RVCC; the sole member of RVCC, Valley Health Systems, Inc. ("VHS"); the former Executive Director of RVCC, David Mattocks

---

[1] The MCAD dismissed the charge on May 13, 2005.

("Mr. Mattocks"); and RVCC's Director of Human Resources, Donna Viens ("Ms. Viens").

On May 4, 2006, a Stipulation of Dismissal was filed dismissing portions of Count II and Count III regarding the disability discrimination claims based on Plaintiff's disability and based on Plaintiff's being regarded as disabled under the ADA (Count II) and under Chapter 151B (Count III), against all four defendants.

RVCC, VHS and Ms. Viens have moved for summary judgment on all remaining counts in Plaintiff's Amended Complaint on the following grounds:

- As to the claim of violation of FMLA (Count I) against RVCC, VHS and Ms. Viens, Plaintiff cannot prove a prima facie case of discrimination or that his termination of employment was because of his use of intermittent FMLA leave.
- As to the claim of violation of FMLA (Count I) against VHS and Ms. Viens, Plaintiff cannot prove that they are employers within the meaning of FMLA.
- As to the claim of handicap association discrimination under the ADA (Count II) against RVCC, VHS and Ms. Viens, Plaintiff cannot make out a prima facie case of discrimination or that his termination of employment was because of his daughter's disability.
- As to the claim of handicap association discrimination under the ADA (Count II) and the claim of age discrimination under the ADEA (Count V), Plaintiff's claims against VHS and Ms. Viens fail as a matter of law because under the ADA and ADEA there is no individual liability.
- As to the claim of handicap association discrimination under the Chapter 151B (Count III) against RVCC, VHS and Ms. Viens, Plaintiff's claims fail to state a recognized cause of action under state law.

2

- As to the claim of age discrimination under ADEA and Chapter 151B (Counts IV and V) against RVCC, VHS and Ms. Viens, Plaintiff cannot show that he was terminated because of his age.
- As to the claim of aiding and abetting under Chapter 151B (Count V), any action or inaction by VHS or Ms. Viens did not constitute aiding and abetting.

## II. Statement of Material Facts Not in Dispute

Statement of Material Facts of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc. and Donna Viens is filed herewith and adopted by reference into this memorandum. Specific paragraphs of the statement are referred to herein by the designation ("Fact, ¶ ___").

## III. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue exists when the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l. Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995). A "material" fact "has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 428 (1st Cir. 1996). The court must view all evidence in the light most favorable to the nonmoving party, "drawing all reasonable inferences in that party's favor." Thomas v. Eastman Kodak Co., 183 F.3d 38, 42 (1st Cir. 1999), cert. denied, 528 U.S. 1161 (2000).

Once the moving party has asserted that no genuine issue of material fact exists, the burden is on the opposing party to point "to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc., 43 F.3d at 735.

In employment discrimination cases, courts are "particularly cautious" about granting employer's motion for summary judgment when a plaintiff "makes out a prima facie case and the issue becomes whether the employer's stated non-discriminatory reason is a pretext for discrimination." Douglas v. J.C. Penney Co., Inc., 2006 WL 833105 *8, D. Mass., March 30, 2006 (quoting Hodgens v. General Dynamics Corp., 144 F.3d 151, 167 (1st Cir. 1998)). When the employee's evidence regarding pretext is particularly weak, summary judgment is appropriate. Douglas, 2006 WL 833105 *8. See Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 440 (1995) (summary judgment appropriate when plaintiff unable to offer admissible evidence of defendant's discriminatory intent, motive, or state of mind sufficient to carry plaintiff's burden of proof). "'[W]here elusive concepts such as motive or intent are at issue,' summary judgment is appropriate if the non-moving party rests 'merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003) (citations omitted).

### IV. Argument

A.  Plaintiff's FMLA Claim (Count I) Fails as a Matter of Law Because Plaintiff can not Establish a Prima Facie Case or Prove that his Termination of Employment was Because of His Use of Intermittent FMLA Leave.

1.  Overview of FMLA

Under FMLA, an eligible employee is entitled to a total of twelve workweeks of unpaid leave in a 12-month period in order to care for the employee's child who has a serious health condition. See 29 U.S.C. § 2612(a)(1)(C). FMLA allows for leave to be taken on an intermittent basis. 29 U.S.C. § 2612(b)(1).

In this case, Plaintiff applied and was approved on September 17, 2004 for intermittent FMLA leave to care for his daughter. (Fact, ¶¶ 29, 34). Plaintiff's allegation is that RVCC terminated his employment for exercising his rights under FMLA. (Complaint, ¶¶ 6, 13).

As the First Circuit explained in Hodgens, in a retaliation claim under FMLA, an employer's motivation is relevant, and the McDonnell Douglas burden-shifting framework applies. Hodgens, 144 F.3d at 160. Like traditional discrimination cases, if plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's termination. Id. The employee must then prove that the employer's stated reason for termination was a pretext for his taking FMLA leave. Id. at 161.

In order to establish a prima facie case of retaliation in violation of FMLA, Plaintiff must prove that (1) he asserted a protected right under the FMLA; (2) RVCC terminated his employment; and (3) there is a causal connection between his use of intermittent FMLA leave and the termination of his employment. Brunelle v. Cytec Plastics, Inc., 225 F.Supp.2d 67, 77 (D. Me. 2002) (quoting Hodgens, 144 F.3d at 161).

    2.    <u>Plaintiff has not made a sufficient showing of a causal connection between the approval of his intermittent FMLA leave and RVCC's decision to eliminate his position.</u>

Defendants recognize that the prima facie burden is "quite easy to meet." Hodgens, 144 F.3d at 165 (quoting Villanueva v. Wellesley College, 930 F.2d 124, 127 (1st Cir. 1991)). However, even when all inferences are drawn in Plaintiff's favor, he cannot satisfy this threshold showing as to the third element. Plaintiff has failed to show any causal connection between his use of intermittent FMLA leave approved in September 2004 and the termination of his employment two months later in November 2004.

5

Plaintiff claims that his inability to make meetings of a small group of managers and that Mr. Mattocks' request that billing procedures be in place for his FMLA absences show a causal connection between his taking FMLA leave and the elimination of his position. (Fact, ¶ 86). However, this is not sufficient to make out a causal connection. First, Plaintiff was not criticized for potentially not being able to attend the meetings. Rather, Mr. Mattocks told Plaintiff he needed to rethink the purpose of having the meetings. (Fact, ¶ 50). Second, Mr. Mattocks' request to put in place certain billing procedures is not a criticism of Plaintiff going out on FMLA leave but rather was an effort to assure that procedures would be in place in his absence.

Even the timing of the FMLA approval (September 17, 2004) relative to Plaintiff's termination (November 4, 2004) does not meet the requisite threshold in this case because there is insufficient credible evidence that Mr. Mattocks or even Ms. Viens knew that Plaintiff was using the approved intermittent FMLA leave. Plaintiff was instructed to inform Mr. Mattocks when he was using intermittent leave. (Fact ¶ 35). Plaintiff did not tell Mr. Mattocks every time he was out on intermittent leave. (Fact, ¶ 38). Plaintiff only told Mr. Mattocks that he was using intermittent leave when they had a scheduled meeting. (Fact, ¶ 39). Furthermore, Plaintiff's time sheets did not indicate use of intermittent FMLA leave, and Plaintiff did not provide Human Resources or Mr. Mattocks with documentation regarding the use of FMLA. (Fact, ¶¶ 36, 37). Since Plaintiff cannot prove the third element in his prima facie case, the FMLA claims fails as a matter of law against RVCC, VHS and Ms. Viens.

      3.    <u>Plaintiff has not presented any credible evidence that RVCC terminated his employment because of his use of intermittent FMLA leave.</u>

Even if this initial burden under the <u>McDonnell Douglas</u> framework is met, Plaintiff has not set forth any credible evidence showing that RVCC's stated

6

nondiscriminatory reason for termination of his employment, job elimination for cost saving reasons, was a pretext for his taking FMLA leave.[2] Pretext can be proven indirectly by "showing that the employer's stated reasons for its adverse action were not credible, or directly by showing that that action was more likely motivated by a discriminatory reason." Hodgens, 144 F3d. at 168.

As to evidence of discriminatory motivation, the evidence put forth by Plaintiff indicates, at the very most, that RVCC wanted Plaintiff to attend morning meetings with other managers, that Plaintiff voiced his concern that he may not be able to attend the meetings, and that he was uncertain of his role at the meeting. (Fact, ¶ 86). This does not lead to any inference of discriminatory motive. In fact, Mr. Mattocks' response was that he was uncertain of the purpose of the meetings. (Fact, ¶ 50). Plaintiff also claims that Ms. Viens' alleged prevention of an employee at another job from going out on FMLA is evidence of discrimination. (Fact, ¶ 86). However, absent specifics, Plaintiff's attempt to make the inference that Ms. Viens had an improper and unlawful intent in denying an employee in a different job a protected right under FMLA is speculative. Plaintiff has failed to articulate the nexus between his speculation about Ms. Viens and his FMLA claim, given that it was Ms. Viens who approved Plaintiff's FMLA leave.

Plaintiff's improbable inferences and unsupported speculation, without more, are insufficient to establish retaliatory termination. See Brunelle, 225 F.Supp.2d at 79

---

[2] RVCC has articulated a legitimate nondiscriminatory reason for Plaintiff's termination of employment. When hired as Executive Director, Mr. Mattocks was under a charge to look at all positions within RVCC for their financial viability because RVCC had been operating under a significant deficit for many years and that, wherever possible, to make cost reduction measures. (Fact, ¶ 54). Mr. Mattocks eliminated Plaintiff's position because his responsibilities had been subsumed by the Assistant Program Director, and the elimination of the Program Director's salary would be a cost savings to RVCC. (Fact, ¶ 55). Plaintiff is well aware of RVCC's history of financial difficulties. (Fact, ¶ 4). Plaintiff believed that Mr. Mattocks believed that the elimination of Plaintiff's positions was a cost savings for RVCC. (Fact, ¶¶ 73, 85).

(noting that evidence that defendant was mistaken demonstrates only that discharge may have been unfair, not that it was in retaliation for taking FMLA leave). Thus, with Plaintiff's inability to show pretext, his claim of retaliation fails as a matter of law. Hodgens, 144 F.3d at 172 (affirming grant of summary judgment for defendant where plaintiff failed to present sufficient evidence showing defendant's stated legitimate nondiscriminatory reason for termination was pretext); Pierce v. Alice Peck Day Memorial Hospital, 2002 WL 467125, *12 (D. N.H. 2002) (granting summary judgment for defendant where plaintiff's evidence of pretext was "entirely insufficient to support a finding of falsity"); Frankel v. United States Postal Service, 96 F.Supp.2d 19, 26 (D. Mass. 2000) (granting summary judgment for defendant and noting that "[Plaintiff]'s inability to produce any evidence from which a jury could infer pretext or discriminatory animus dooms the claim"). Since Plaintiff cannot show discriminatory animus or pretext, Plaintiff's FMLA claim fails as a matter of law against RVCC, VHS, and Ms. Viens.

   4.   <u>Plaintiff has not presented any credible evidence that VHS is an employer for the purposes of FMLA.</u>

In addition to an inability to establish a prima facie case and to prove discriminatory animus, Plaintiff's claims against both VHS and Ms. Viens fail because they are not subject to liability under FMLA. FMLA makes it unlawful for an employer to terminate an employee because he went out on FMLA. 29 U.S.C. § 2615(a)(2). FMLA defines employer to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. 2611(4)(A)(ii)(II). In determining whether there is individual liability under FMLA, courts have applied the analysis required under the Fair Labor Standards Act ("FLSA"). Brunelle v. Cytec Plastics, Inc., 225 F.Supp.2d at 82; Meara v. Bennett, 27 F.Supp.2d 288, 291 (D. Mass. 1998). This court has adopted the analysis under the case of Freemon

v. Foley, 911 F.Supp. 326, 330 (N.D. Ill. 1995). Meara, at 291. Applying the analysis under the FLSA to FMLA, an individual may be liable in a FMLA action if he or she "exercise[s] exclusive control over all the day-to-day affairs of the employer" or "possesses control over the aspect of employment alleged to have been violated." Freemon, 911 F.Supp. at 331. Whether an individual can be considered an employer under the FLSA is a question of law. Id.

In this case, VHS did not recommend that Plaintiff's employment be terminated or have any role regarding the evaluation of Plaintiff's performance. (Fact, ¶¶ 94, 95). Furthermore, while VHS is the sole member of RVCC, it did not have control over the day-to-day functions of RVCC, did not employ RVCC's Executive Director, Mr. Mattocks, and did not oversee Mr. Mattocks' personnel decisions. (Fact, ¶¶ 19, 56, 92, 93). VHS had no knowledge that Plaintiff was using the intermittent FMLA leave approved by RVCC. (Fact, ¶ 67). VHS's vague knowledge of RVCC's decision to eliminate Plaintiff's position and to terminate his employment does not lead to a reasonable inference that VHS had control over RVCC in its employment decision regarding Plaintiff. Since VHS did not have control over the aspects of employment alleged to have been violated in this case (termination of Plaintiff's employment), VHS is not an employer within the meaning of FMLA and is entitled to summary judgment on the FMLA claim.

    5.    <u>Plaintiff has not presented any credible evidence that Ms. Viens is an employer for the purposes of FMLA.</u>

Similarly, Ms. Viens does not meet the definition of an employer for the reasons stated in subsection 4, above. While Ms. Viens approved Plaintiff's intermittent FMLA leave, she did not recommend or make the decision to eliminate Plaintiff's position. (Fact, ¶ 53). Moreover, Ms. Viens did not know that Plaintiff was using the intermittent

FMLA leave which she approved on September 17, 2004. (Fact, ¶¶ 34, 35, 37). The fact of her presence as the Human Resources Director at Plaintiff's termination meeting, does not lead to reasonable inference that Ms. Viens had control over the aspect of the termination of Plaintiff's employment. Plaintiff cannot show that Ms. Viens exercised "exclusive control over all the day-to-day affairs" of RVCC or that Ms. Viens was an officer of RVCC. See Freemon, 911 F.Supp. at 331. Accordingly, Plaintiff's FMLA claims against Ms. Viens fail as a matter of law.

B. **Plaintiff's Claim of Handicap Association Discrimination Under the ADA (Count II) Fails as a Matter of Law Because Plaintiff Cannot Make Out a Prima Facie Case or Prove that His Termination of Employment was Because of His Daughter's Disability.**

   1. **Plaintiff's claim against RVCC, VHS and Ms. Viens fails as a matter of law because he has no credible evidence of a causal connection between his termination of employment and his daughter's disability.**

Plaintiff claims that RVCC unlawfully terminated his employment because of his association with his daughter, a person with a disability, in violation of ADA. Pursuant to 42 U.S.C. § 12112(b)(4), an employer may not "exclude[e] or otherwise den[y] equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." The Interpretive Guidance for Section 12112(b)(4) makes clear that the provision was intended to protect qualified individuals from adverse job actions based on "unfounded stereotypes and assumptions" arising from the employee's relationships with particular disabled persons. Barker v. International Paper Co., 993 F.Supp. 10, 15 (D. Me. 1998). (citations omitted).

In cases such as this, where Plaintiff has no direct evidence of discrimination, the Courts apply the well-known burden shifting analysis in McDonnell Douglas. Barker, 993 F.Supp. at 14. Plaintiff bears the initial burden of establishing a prima facie case of

handicap association discrimination by proving that (1) Plaintiff was qualified for the position; (2) he was subjected to an adverse employment action; (3) he was known by his employer at the time to have a daughter with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of his daughter was a determining factor in the employer's decision. Barker, at 14 (citing Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1084 (10th Cir. 1997)).

Assuming for the sake of argument that Plaintiff's daughter had a disability within the meaning of the ADA[3], Plaintiff's prima facie case of disability association discrimination fails as a matter of law because of the failure to show that his daughter's disability was a determining factor in the RVCC's decision to eliminate his position. Plaintiff claims that his daughter's illness interfered at times with his ability to be at work in the mornings. Plaintiff also claims that Mr. Mattocks made comments that Plaintiff was not around much and it was hard to schedule meetings with the Plaintiff because he was home caring for his daughter. (Fact, ¶ 87). Under the ADA, RVCC had no duty to reasonably accommodate Plaintiff based on his association with a disabled person. Larimer v. IBM, 370 F.3d 698, 700 (7th Cir. 2004). Therefore, it is not a violation of the ADA to comment on Plaintiff's inability to attend managers' meetings. See Overley v. Covenant Transport, Inc., 2006 WL 1133292 *5 (6th Cir. 2006) (supervisor's statements

---

3

**CONFIDENTIAL**

of concern with plaintiff's inability to meet attendance requirements of job do not raise reasonable inference that Plaintiff was fired because of her daughter's disability).

Plaintiff's allegations do not support an inference that his daughter's disability was a determining factor in RVCC's decision to eliminate his position for cost savings reasons, particularly when RVCC granted Plaintiff intermittent FMLA leave.  Plaintiff does not assert that RVCC denied him time off to care for his daughter or take her to appointments.  Plaintiff does not assert that RVCC, VHS, or Ms. Viens made any comments concerning his daughter or her medical condition.[4]  Plaintiff has not raised a reasonable inference that the disability of his daughter was a determining factor in RVCC's decision to eliminate his position.  See Spinks v. TruGreen Landcare, L.L.C., 322 F.Supp.2d 784, 796 (S.D. Tex. 2004) (plaintiff failed to establish fourth element of prima facie case of disability association discrimination even though plaintiff was terminated three weeks after she asked for time off to care for her disabled sister, plaintiff's supervisor never made any comments concerning the family member or their ailments, and employer did not deny employee time off to care for family member).  Accordingly, Plaintiff's claim for disability association discrimination under the ADA against RVCC, VHS and Ms. Viens fails as a matter of law.

      2.    <u>Plaintiff cannot prove the third element of the prima facie case in his claim against VHS.</u>

In addition to failing to prove the fourth element of the prima facie case of handicap association discrimination, Plaintiff is also unable to prove the third element against VHS.  Under the third element, Plaintiff must show that at the time of his termination of employment he was known by VHS to have a daughter with a disability.

---

[4] In fact, it was Plaintiff who raised his daughter's illness when he asked RVCC if he could tell the staff at the Day Treatment Program that he was leaving to care for his ill daughter. (Fact, ¶ 80).

Barker, 993 F.Supp. at 14. Plaintiff is unable to establish a prima facie case because at the time of Plaintiff's termination of employment VHS had no knowledge of any disability of Plaintiff's daughter. (Fact, ¶ 64). Without knowledge of the disability, VHS could not have engaged in discriminatory conduct. Therefore, Plaintiff's claim of handicap association discrimination against VHS fails as a matter of law.

    3.    <u>Plaintiff has not presented any credible evidence that RVCC terminated his employment because of his daughter's disability.</u>

Even if this initial burden under the <u>McDonnell Douglas</u> framework is met, Plaintiff has not set forth credible evidence showing that RVCC's stated nondiscriminatory reason for termination of his employment, job elimination for cost saving reasons, was a pretext for handicap discrimination.

As to evidence of discriminatory motivation, Plaintiff points to Mr. Mattocks' comments that he was not around much and that it was hard to schedule meetings with him. (Fact, ¶ 87). However, comments regarding Plaintiff's absence from work do not raise an inference of improper motive or intent of handicap association discrimination. Plaintiff's conclusory allegations and improbable inferences, without more, are insufficient to establish retaliatory discharge. See <u>Hodgens</u>, 144 F.3d at 172 (summary judgment affirmed for defendant on retaliatory discharge under ADA where plaintiff did not show layoff was a pretext for disability discrimination); <u>Ridge v. Cape Elizabeth School Depart.</u>, 77 F.Supp.2d 149, 162 (D. Me. 1999) (granting summary judgment for defendant on plaintiff's claim of retaliatory discharge under the ADA where plaintiff presented only "conclusory allegations, improbable inferences, and unsupported speculation" in support of contention that defendant's stated legitimate nondiscriminatory reason was pretext). Since Plaintiff cannot show discriminatory animus or pretext,

13

Plaintiff's handicap association discrimination claim fails as a matter of law against RVCC, VHS, and Ms. Viens.

    4.    <u>Plaintiff's claim against VHS under the ADA fails as a matter of law because no individual liability exists under the ADA.</u>

In addition to failing to establish a prima facie case of handicap discrimination, Plaintiff's claim against VHS under the ADA fails because VHS is not subject to FLMA liability in this case. The ADA forbids discrimination by any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12112(a); 12111(2). Employer is defined as "a person engaged in an industry affecting commence . . . and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A). The reference to "any agent of such person" has been interpreted to "ensure employer liability, and reject individual liability." <u>Lemire v. Silva</u>, 104 F.Supp.2d 80, 92 (D. Mass. 2000)(citing <u>U.S. EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1281 (7th Cir. 1995). Courts within this district have held that no individual liability exists under ADA. <u>Fink v. Printed Circuit Corp.</u>, 204 F.Supp.2d 119, 129 (D. Mass. 2002); <u>Lemire</u>, at 92; <u>Meara</u> at 290; see also, <u>Rivera-Garcia v. Sistema Universitario Ana G. Mendez</u>, 329 F.Supp.2d 213, 217 (D.P.R. 2004).

    Plaintiff's theory of VHS's liability under the ADA is based on the allegation that VHS's "Chief Executive Officer and others actively directed and aided and abetted the decisions relating to [Plaintiff]. Therefore, [VHS] is an employer within the meaning of the ADA . . . and/or an agent of the [P]laintiff's employer and/or a person who aided and abetted and otherwise brought about, or caused illegal discrimination . . . " (Complaint ¶ 3). Plaintiff's theory of liability under the ADA against VHS fails for several reasons. First, VHS is not the employer of Plaintiff. Second, the language in the ADA, 42 U.S.C. § 12112(b) does not provide for liability under an aiding and abetting theory. In contrast,

Chapter 151B provides for liability under an aiding and abetting theory. M.G.L. c. 151B, § 4(5). Since Plaintiff's claim of liability under the ADA is based on an aiding and abetting theory, a claim that does not exist under the ADA, the claim against VHS fails as a matter of law.[5]

> 5. <u>Plaintiff's claim against Ms. Viens under the ADA fails as a matter of law because no individual liability exists under the ADA.</u>

For reasons similar to those stated in subsection 4, above, Ms. Viens is not subject to liability under the ADA. Plaintiff's theory of liability under the ADA against Ms. Viens is based on an aiding and abetting theory. (Complaint, ¶ 5). Ms. Viens is not an employer of the Plaintiff, and the ADA does not provide for liability under an aiding and abetting theory. Accordingly, Plaintiff's ADA claim against Ms. Viens fails as a matter of law.

C. <u>Plaintiff's Claims of Handicap Association Discrimination Under 151B (Count III) Against RVCC, VHS, and Ms. Viens Fail as a Matter of Law Because Association Discrimination is Not a Recognized Claim Under State Law.</u>

In this case, Plaintiff also claims that the defendants violated Chapter 151B on the basis of disability discrimination based on an individual's association with a person with a disability. M.G. L., c. 151B, § 4 (16) makes it unlawful for an employer to dismiss from employment, because of his handicap, any person alleging to be a qualified handicapped person capable of performing the essential functions of the position involved with reasonable accommodation. Chapter 151B contains no provision that violations can be based on association with individuals with a disability. In contrast, as

---

[5] Even if an aiding and abetting theory applied under the ADA, as explained above, Plaintiff has no credible evidence that VHS played a role in the decision to terminate Plaintiff's employment or that VHS knew of the illness of Plaintiff's daughter. (Fact, ¶¶ 56-58, 93-95).

15

discussed above, the ADA includes a provision that specifically prohibits discrimination based on association. See 42 U.S.C. § 12112(b)(4).

Plaintiff seeks to stretch the language of Section 16 to include an association discrimination claim. The plain language of Chapter 151B, in comparison to the plain language of the ADA, indicates that the Legislature did not intend to include the provision for association with an individual with a disability. See M.G.L.c. 151B, § 1(17) ("'handicap' means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) record of having such an impairment; or (c) being regarded as having such impairment"). Had the Legislature intended to incorporate disability association claims, it would have done so. The Legislature has amended Chapter 151B, § 4 multiple times since the passage of the ADA but has not seen fit to adopt a provision for what has become known as disability association claims.

Defendants recognize that Chapter 151B is a remedial statute that should be broadly construed to further the beneficial purposes of eliminating discrimination in the workplace. M.G.L. c. 151B, § 9 ("This chapter shall be construed liberally for the accomplishment of its purposes."). Dahill v. Police Dept. of Boston, 434 Mass. 233, 240 (2001). However, when there is no indication from the Massachusetts Supreme Judicial Court to endorse such a position, this Court should decline to read into Chapter 151B a new claim of disability association discrimination.[6]

---

[6] The Massachusetts Supreme Judicial Court has recently, in the discrimination context, emphasized the importance of adhering to a statute's plain language. See Lowery v. Klemm, 446 Mass. 572, 577 (2006) (court declined to extend M.G.L. c. 214, § 1C to protect non-employee volunteers because Chapter 214, § 1C incorporated the definition of sexual harassment in Chapter 151B and that definition referenced employment).

16

The courts of other states have declined to recognize a state law claim of disability discrimination based on association with individuals with disability when the state discrimination statute did not specifically provide such a claim. See Chapin v. University of Massachusetts at Lowell, 977 F.Supp. 72, 78 (D.Mass. 1997) ("[a] second source of guidance [in addition to decisions of the MCAD] is the interpretation of parallel laws in other states"); Spinks, 322 F.Supp.2d at 795 (court declined to expand language in Texas Commission on Human Rights Act to include disability association claim); Kennedy v. Chubb Group of Ins. Companies, 60 F.Supp.2d 384, 395 (D.N.J. 1999) (court declined plaintiff's invitation to create a new cause of action under New Jersey law for disability association discrimination where there is no indication that the state court would endorse such a position).

Nevertheless, Plaintiff's claims under Chapter 151B fail as a matter of law against RVCC, VHS, and Ms. Viens because Plaintiff has adduced no credible evidence that the disability of Plaintiff's daughter was a determining factor in the decision to terminate Plaintiff's employment or a pretext for handicap discrimination, as discussed in Section B, one, two, and three, above.[7]

D.  Plaintiff's Claims of Age Discrimination under the ADEA and Chapter 151B (Counts IV and V) Against RVCC Fail as a Matter of Law Because Plaintiff Cannot Show any Evidence of Discriminatory Animus.

The ADEA and Chapter 151B make it unlawful for an employer to discharge from employment any individual because of his age. 29 U.S.C. § 623(a)(1); M.G.L. c. 151B, § 4(1B). To prevail on a claim under federal or state law in a reduction in force case, Plaintiff must first establish a prima facie case that 1) he was at least forty years of

---

[7] For reasons similar to those stated in subsection B, four and five, Plaintiff's individual claims under ADEA against VHS and Ms. Viens fail as a matter of law because of no individual liability. See Cheng v. Benson, 358 F.Supp.2d 696, 700 (N.D. Ill. 2005).

age; 2) he performed his job at an acceptable level; 3) he was terminated; and 4) younger persons were retained in the same position or that the employer otherwise did not treat age neutrally. Currier v. United Technologies Corp., 393 F.3d 246, 254 (1st Cir. 2004); Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34, 45 (2005) (under Chapter 151B, fourth element is "some evidence that [his] layoff occurred in circumstances that would raise a reasonable inference of unlawful discrimination"). Under federal law, "younger person" is defined as someone "substantially younger." O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311-12 (1996). Under Massachusetts law, the age difference must five years or over. Knight v. Avon, 438 Mass. 413, 424 (2003).

Recognizing that this initial burden is "not onerous" Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 384 (1st Cir. 2000) and assuming, for the sake of argument, that Plaintiff has established a prima facie case of age discrimination, the evidence supports the inference that RVCC had a legitimate, non-discriminatory reason for terminating Plaintiff's employment – cost savings. Plaintiff has the burden to prove that RVCC's stated reason is a pretext for age discrimination. Id. In face of this evidence, Plaintiff argues that RVCC's legitimate reason for terminating him is in fact pretext and that the true reason was his age (54 at the time of his termination of employment). As support for the inference of pretext, Plaintiff points to the fact that one of the two people who assumed his duties after his termination is younger than him by nine years (Mr. Avakian). (Fact, ¶ 79). That, standing alone, is insufficient. Plaintiff has failed to identify any other fact from which a jury could infer that RVCC was motivated to terminate his employment because of his age. (Fact, ¶ 91). For example, there is no evidence of any comments made by RVCC which would support a finding of discriminatory animus based on age. Plaintiff did not develop statistical data showing RVCC treated age improperly in personnel decisions. To the contrary, the other

18

individual who assumed part of Plaintiff's duties (Mr. Kassis) is a few months younger than Plaintiff. (Fact, ¶¶ 75, 76, 78). Moreover, Mr. Mattocks, who made the decision to terminate Plaintiff's employment, is Plaintiff's same age. (Fact, ¶ 77). The record is devoid of any evidence to support discriminatory animus based on age.

Courts cannot "assume the role of a super personnel department, assessing the merits – or even the rationality – of employers' nondiscriminatory business decisions, . . . " [and] "relief will not be granted to a plaintiff who has been discharged unfairly . . . unless the facts and circumstances indicate that discriminatory animus was the reason for the decision." Cornwell v. Dairy Farmers of America, Inc., 369 F.Supp.2d 87, 106 (D. Mass. 2005) (citations omitted) (granting summary judgment under ADEA and Chapter 151B when plaintiff failed to put forth sufficient evidence for a jury to find employer motivated by discriminatory animus based on age). Dorman v. Norton Co., 64 Mass. App. Ct. 1, 10 (2005) (summary judgment affirmed when plaintiff failed to show age was in any way a motivating factor in the decision to terminate his employment). Since Plaintiff had not met his burden of proof in the third stage, his age discrimination claims under ADEA and Chapter 151B fail as a matter of law against RVCC, VHS and Ms. Viens.

E.   Plaintiff's claims against VHS and Ms. Viens for Aiding and Abetting Age Discrimination Under State Law Fail as a Matter of Law Because Any Inaction on Their Part did not Constitute Aiding and Abetting.

In addition to failing to prove discriminatory animus based on age, Plaintiff cannot prove a claim of aiding and abetting against VHS or Ms. Viens. M.G.L. c. 151B, § 4(5) makes it unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of the acts forbidden under this chapter or to attempt to do so." Individuals, including co-employees of the allegedly aggrieved employee, may be subject to liability under Section 4(5). Chapin v. University of

19

Massachusetts at Lowell, 977 F.Supp. 72, 78 (D. Mass. 1997). An aiding and abetting claim has been found to withstand a motion to dismiss when a supervisor's failure to act on complaints of sexual harassment was a deliberate indifference to the plaintiff. Id. at 80. In Chapin, the court found that allegations of a supervisor who was on notice of sexual harassment existing in the workplace before Plaintiff began her employment, Plaintiff's complaint of sexual harassment, and the supervisor failure to investigate the complaints until after she left her employment stated a cause of action. Id. at 75-76.

This case is distinguishable from Chapin. In this case, unlike in Chapin, Plaintiff has no evidence that VHS or Ms. Viens had knowledge that there was potential violation of ADEA or Chapter 151B on the basis of age at RVCC or that Plaintiff complained of age discrimination before his termination. In fact, VHS had no knowledge of Plaintiff's age. (Fact, ¶¶ 58, 66). Since no reasonable jury could find that alleged inaction by VHS or Ms. Viens constituted deliberate indifference, Plaintiff's aiding and abetting claims fail as a matter of law.

## V. Conclusion

For all the foregoing reasons, Motion for Summary Judgment of Defendants, RVCC, VHS and Ms. Viens, should be allowed as to Counts I, II, III, IV and V.

Dated: May 12, 2006

The Defendants
RIVER VALLEY COUNSELING CENTER, INC.,
VALLEY HEALTH SYSTEMS, INC.,
AND DONNA VIENS
By Their Attorney:

         /s/ Mary J. Kennedy
Francis D. Dibble, Jr. - BBO No. 123220
Mary J. Kennedy - BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P. O. Box 15507
Springfield, MA 01115-5507
Tel: (413) 272-6242
Fax: (413) 272-6803

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, by electronic filing, on May 12, 2006.

 /s/ Mary J. Kennedy
Mary J. Kennedy