UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark A. Richards<br><br>                Plaintiff,<br><br>vs.<br><br>River Valley Counseling Center, Inc., Valley Health Systems, Inc., David G. Mattocks and Dona Viens<br>                Defendants. | CIVIL ACTION NO. 05-30061-MAP |

### DEFENDANT MATTOCKS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT OF ALL DEFENDANTS

There is no admissible evidence demonstrating that Defendant's proffered reason for Plaintiff's separation from employment was false and/or a pretext for discrimination. Defendant Mattocks clearly articulated why he terminated Plaintiff's employment: he wished to save the costs associated with Mr. Richards' position. As a matter of law, (see cases cited in Defendant Mattock's Memorandum at p. 11), saving money is a legitimate, non-discriminatory reason for terminating someone's employment. In his Opposition, Plaintiff has not come forward with a showing of pretext that would warrant a further factual finding by a jury on his discrimination claims. Specifically, as to his federal claims, Plaintiff must show both pretext and additional evidence that Mr. Mattocks was motivated by discriminatory animus. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) As to his state law age discrimination claim, Mr. Richards must show that Mr. Mattocks' proffered

reasons were untrue or that Mr. Mattocks harbored a discriminatory animus. Dragonas v. School Comm. of Melrose, 64 Mass. App. Ct. 249 (2005). As stated by the First Circuit in Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-Puerto Rico, 404 F.3d 42, 45 (1st Cir. 2005)(citations and quotations omitted) "a pretext for discrimination means more than an unusual act; it means something worse than a business error; pretext means deceit used to cover one's tracks." Plaintiff's purported "evidence" that Mr. Mattocks' reason for terminating his employment does not reflect any deceit or otherwise suggest pretext. Plaintiff has not come forward with admissible, undisputed evidence demonstrating either pretext and/or animus.

First, the lack of "one piece of paper, even figures scribbled on a napkin," does not logically lead to the conclusion that Mr. Mattocks engaged in deceit. (See Plaintiff's Memorandum p. 15). Indeed, Defendant could not find a single case that supported Plaintiff's suggestion that eliminating a position is "legitimate" only when there is a *writing* relating to the rational for the decision to terminate. Nor could Defendant locate legal support for the proposition that he had some sort of duty to memorialize his rationalization in a written document. Accordingly, the lack of such documentation does not logically support an inference of discrimination or any finding of pretext. "While the Court must view the evidence in the light most favorable to Plaintiff, it is not required to adopt Plaintiff's characterizations of that evidence nor is it required to make illogical inferences from the evidence." Tuttle v. Lorillard Tobacco Co., 2003 WL1571584, *8 (D.

Minn. 2003); <u>Colley v. Waste Management of Alabama, Inc.</u>, 2001 WL 228058 (S.D. Ala. 2001).

Second, the purported fact that "Richards was the first and only employee similarly situated selected" also does not reflect a deceitful purpose, particularly in light of the fact that Mr. Richards has not come forward with any evidence of others who were similarly situated and outside the protected classification who were *not* terminated.  He has not even come forward with the identity of even a single individual who worked with an Assistant Program Director who was, like Mr. Avakian, excellent at running the Program in the Director's absence, making the Director position redundant.   He has not come forward with evidence that as he did, other Program Directors, too; sang the praises of their Assistants abilities' to run the programs in their absences and vehemently advocated on their behalves for raises, yet were not replaced, in part, by their Assistants.  Further, On page 18 of his Opposition, Plaintiff suggests that it is *Defendant's* burden to come forward with evidence of similarly situated individuals who suffered the same adverse personnel action as did Plaintiff.  He states as follows: "Yet when pressed repeatedly … to identify any remotely similarly situated individual selected for termination, either before or after Richards, the defendants gave one implausible and incredible explanation after another."  Defendant had no such burden, and Plaintiff misstates the parties' burdens.   As with all such comparative evidence, it is the *plaintiff's* burden to demonstrate that others similarly situated to him in all relevant respects were treated *differently* by the employer.  <u>Rathbun v. Autozone, Inc.</u>, 361 F.3d 62, 76 (1st Cir. 2004)

3

Third, the fact that Mr. Richards was a good performer (Pl. Memo. at 14-15) does not suggest that Mr. Mattocks terminated Mr. Richards' employment to conceal discrimination. Had Mr. Mattocks claimed that Mr. Richards was selected for elimination because of his performance, the fact that Plaintiff performed well may have been relevant. However, Mr. Mattocks has not alleged that Mr. Richards' performance in any manner resulted in his decision to eliminate his position to save money, nor has he disputed the fact that Plaintiff was a good Program Director. Thus, Mr. Richards' performance is irrelevant to demonstrating pretext.

Mr. Mattocks—a newcomer to the agency—indisputably took numerous measures to save the overall agency costs. One of those measures was eliminating Mr. Richards' position because his duties could be easily transferred to Mr. Avakian, the Assistant Program Director, who already performed them in Mr. Richards' absence, and to an employee of about the same age as Mr. Richards, Mr. Kassis, who also had extreme familiarity with the program and the duties that were being transferred to him. While Mr. Richards undoubtably may have been upset by this newcomer terminating his long-term employment with the agency, an employment during which he performed well, Mr. Richards' belief in the unfairness of the decision does not turn Mr. Mattocks' desire to save the agency at least $20,000 into illegal action. Because the Plaintiff's alleged "evidence" could not lead any reasonable jury to conclude that Mr. Mattocks' acted with a deceitful purpose and was motivated by discriminatory animus, Defendant Mattocks' Motion for Summary Judgment should be granted.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ Marylou Fabbo, Esq. |
|  | Marylou Fabbo, Esq. |
|  | BBO #566613 |
|  | Counsel for Defendant Mattocks |
|  | Skoler, Abbott & Presser, P.C. |
|  | One Monarch Place, Suite 2000 |
|  | Springfield, Massachusetts 01144 |
| Dated: June 16, 2006 | Tel. (413) 737-4753/Fax (413) 787-1941 |

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing above document was served upon the attorney of record for each other party via electronic filing on June 16, 2006.

/s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.

| | |
|---|---|
| Filename: | Reply to Plaintiff's Opposition.doc |
| Directory: | F:\OFFICE DOCUMENTS\Data\River Valley\RICHARDS, MARK  (NEW)\Litigation\Summary Judgment |
| Template: | C:\Documents and Settings\lsanchez\Application Data\Microsoft\Templates\Normal.dot |
| Title: | MATTOCKS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR SUMMARY  JUDGMENT OF ALL DEFENDANTS |
| Subject: | |
| Author: | Skoler Abbott & Presser |
| Keywords: | |
| Comments: | |
| Creation Date: | 6/12/2006 10:49 AM |
| Change Number: | 64 |
| Last Saved On: | 6/16/2006 3:30 PM |
| Last Saved By: | lsanchez |
| Total Editing Time: | 193 Minutes |
| Last Printed On: | 6/16/2006 3:31 PM |

As of Last Complete Printing
   Number of Pages: 5
   Number of Words:      1,070 (approx.)
   Number of Characters:   5,887 (approx.)