UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,  )<br>    Plaintiff  )<br>  )<br>vs.  )<br>  )<br>RIVER VALLEY COUNSELING  )<br>CENTER, INC., VALLEY HEALTH  )<br>SYSTEMS, INC., DAVID G.  )<br>MATTOCKS AND DONNA VIENS,  )<br>    Defendants  ) | REPLY BRIEF OF DEFENDANTS,<br>RIVER VALLEY COUNSELING<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., AND DONNA VIENS,<br>TO PLAINTIFF'S OPPOSITION TO<br>MOTIONS FOR SUMMARY<br>JUDGMENT OF ALL DEFENDANTS |

The defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens, submit this Reply Brief of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens, to Plaintiff's Opposition to Motions For Summary Judgment of All Defendants.

<u>Plaintiff Has Not Brought to the Court's Attention Legal Authority Supporting the Existence of a Handicap Association Claim Under Chapter 151B.</u>

Plaintiff's reliance on <u>Healy v. Brigham & Women's Hospital, Inc.</u>, 64 Mass. App. Ct. 1111 (2005)[1] to support the existence of a claim of handicap association discrimination under Chapter 151B is misplaced.  In <u>Healy</u>, the Court affirmed the allowance of summary judgment on the grounds that plaintiff failed to offer sufficient evidence of discriminatory animus.  The Court accepted, for the purposes of the <u>Healy</u>

---

[1] The <u>Healy</u> decision was issued pursuant to Rule 1:28 of the Massachusetts Appeals Court Rules for the Regulation of Appellate Practice, which allows for a panel of judges not to provide an opportunity for oral argument before disposing of a case when it determines "that no substantial question of law is presented by the appeal or that some clear error of law has been committed . . . ."  Mass. App. Ct. R. 1:28.

case, that the Plaintiff was a member of a protected class on two theories, one being associated with persons who are handicapped (her children) and the second being that she was pregnant. Id. With respect to the handicap association claim the court cited federal law, 42 U.S.C. § 12112(b)(4). Since the Court's decision was based on the inadequate evidence of discriminatory animus, the Court never addressed whether a handicap association discrimination claim exists under state law.

Moreover, Plaintiff's reliance on a seventeen-year-old decision of the Massachusetts Commission Against Discrimination ("MCAD"), Dittbenner v. Hapco Auto Parts, Inc., 11 MDLR 1139, 1140-1141 (1989), does not provide the necessary support that Massachusetts has recognized or would recognize a state law claim of handicap association discrimination. In Dittbenner, in response to a motion to dismiss, the MCAD declined to dismiss a claim at the early stage of that proceeding on the grounds that the Plaintiff was not a handicapped person as defined by M.G.L. c. 151B, § 1(17).[2] Given the lack of any indication from the Massachusetts courts, the plain language of Chapter 151B, § 4 1(17), and the rationale of the courts of other states which have addressed this same issue, this Court should decline to recognize a state law claim of handicap association discrimination.

---

[2] Ten years later, a Hearing Officer at the MCAD cited Dittbenner to support the proposition that Chapter 151B recognized a protection of handicap association. See Hamer v. Cambridge School Dept., 21 MDLR 154, 156-157 (1999). In Hamer, while the MCAD held that the Complainant had standing to bring her handicap association claim, complainant failed to prove that the decision-maker knew of the relationship with a person known to have a disability and that there was a causal connection between the association and the adverse job action. However, in 1999, the MCAD's misplaced reliance on Dittbenner's incorrect rationale does not justify the recognize of a state law claim.

For all the foregoing reasons, and the reasons stated in Defendants' memorandum of law previously filed, Motion of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens as to all counts should be allowed.

Dated:  June 16, 2006

The Defendants
RIVER VALLEY COUNSELING CENTER, INC.,
VALLEY HEALTH SYSTEMS, INC.,
AND DONNA VIENS
By Their Attorney:

      /s/ Mary J. Kennedy
Francis D. Dibble, Jr. - BBO No. 123220
Mary J. Kennedy - BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P. O. Box 15507
Springfield, MA 01115-5507
Tel:  (413) 272-6242
Fax:  (413) 272-6803

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, by electronic filing, on June 16, 2006.

      /s/ Mary J. Kennedy
Mary J. Kennedy