UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>    Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING<br>CENTER, INC., VALLEY HEALTH<br>SYSTEMS, INC., DAVID G.<br>MATTOCKS AND DONNA VIENS,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MOTION OF DEFENDANTS, RIVER<br>VALLEY COUNSELING CENTER,<br>INC., VALLEY HEALTH SYSTEMS,<br>INC., AND DONNA VIENS, TO<br>STRIKE ADDITIONAL STATEMENTS<br>ADDED TO PLAINTIFF'S RESPONSES<br>TO DEFENDANTS' STATEMENT OF<br>MATERIAL FACTS NOT IN DISPUTE |

The defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens ("Defendants"), move to strike the following additional statements added to responses of the plaintiff, Mark A. Richards ("Plaintiff"), to statements numbered 5, 6, 7, 8, 16, 17, 18, 22, 23, 24, 26, 29, 34, 36, 37, 38, 39, 40, 42, 43, 47, 51, 52, 53, 54, 58, 60, 61, 64, 65, 66, 67, 69, 70, 72, 75, 82, 85, 86, 87, 88, 92, 93, 94, and 95 contained in Plaintiff's Reply to Statement of Material Facts Not in Dispute of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc. and Donna Viens:

    5 – except that the date should be 1996.

    6 – The state regulations require a program director for each such program.

    7 -  that this occurred for one year.

    8 – The date should be 1997.

    16 – There is some dispute as to when David Mattocks actually started working.

    17 – Mattocks left in less than a year to take a psychiatric disability leave.

    18 – Plaintiff got along well with everyone, as he was a professional and conscientious manager.

22 – The close connection between VHS and H-C Management make VHS the alter-ego of H-C Management and responsible for the actions of its employees.

23 – The close connection between VHS and H-C Management make VHS the alter-ego of H-C Management and responsible for the actions of its employees.

24 – The close connection between VHS and H-C Management make VHS the alter-ego of H-C Management and responsible for the actions of its employees.

26 – The [sic] worked well with all his colleagues.

29 – Before that, the plaintiff had spoken to Mattocks about his need for leave.

34 – According to Richards' Affidavit, Mattocks, as the CEO, also approved it.

36 – but there is no place for this information on the time sheet.  Richard [sic] informed Mattocks orally of his use of leave, and Mattocks admitted in his deposition that Richards took time off to care for his daughter.

37 – but there was no request to put this information in writing.

38 – Richards worked in a separate building from Mr. Mattocks.  He kept Mattocks adequately informed.

39 – Richards would inform Mattocks when he spoke with him and would update him regularly.

40 – Unfortunately, Richards' need for intermittent leave was always on short notice and generally crisis driven.

42 – Avakian had lost $4,000 of compensation due to an increase in the cost of a family health insurance plan.

43 – Avakian was the most willing person with a graduate degree.

47 – These meetings were three or four days a week.

51 – No other manager was asked to join this meeting. It was seen as a badge of honor. Richards stated these meetings seemed to be "fixed," so he did not request a change. In previous discussions with participants, he knew there were no other common times.

52 – No other manager was asked to join this meeting. It was seen as a badge of honor. Richards stated these meetings seemed to be "fixed," so he did not request a change. In previous discussions with participants, he knew there were no other common times.

53 – Mattocks made the decision with the approval of Hank Porten and Mary Kelleher.

54 – Please see Statement of Material Fact in Dispute Nos. 2 and 8 in the Plaintiff's Opposition to Motion for Summary Judgment. Richards' program was the most profitable of any program and it was on track to have another highly profitable year.

58 – Mattocks told Richard [sic] he had Porten's approval and support for his changes. Richards' was the only "change" that happened.

60 – This again shows the close relationship between VHS and RVCC.

61 – The three of them discussed the fact that Richards had applied for intermittent FMLA leave and that it was in connection with caring for his ill daughter. This shows a high degree of knowledge that the plaintiff was in protected classes.

64 – Ms. Kelleher discussed the fact that Mr. Richards was on FMLA. It is part of her job responsibilities to understand what that meant and the reason why Richards was on FMLA.

65 – A better question is, Did anyone ask? The form said treatment would last from four months to two years.

66 – Kelleher had been in meetings with Richards.

67 – Viens wrote the approval letter dated September 17, 2004 and spoke with Richards about the condition of his daughter.

69 – Richards recalls Mattocks saying that, "I had a very good meeting with Hank Po9rten." "Porten is behind me regarding changes I want to make."

70 – This was immediately after the meeting. Richards never left the table.

72 – Mattocks never mentioned other changes.

75 – insofar as Mattocks told Richards that David Avakian would be the "acting director."

82 – except he did not say he was "going to be home."

85 – Please see plaintiff's entire Opposition to Motions for Summary Judgment. Richards believed Mattocks thought he could sell this to his superiors.

86 – Mattocks wrote a memo critical of plaintiff taking FMLA leave and made other comments indicating his hostility toward it. See Statement of Facts Nos. 4, 6 in Plaintiff's Opposition to Motions for Summary Judgment.

87 – Richards also brought his daughter to the worksite and he had to care for her at other times of the day. He would get calls form school to come get her.

88 – This date could have been sometime in September.

92 – VHS is the alter-ego of H-C Management Company.

93 – VHS is the alter-ego of H-C Management Company.

94 – VHS is the alter-ego of H-C Management Company.

95 – VHS is the alter-ego of H-C Management Company.

Defendants further move that facts numbered 92, 93, 94, and 95 are deemed admitted because Plaintiff neither admitted nor denied these facts. Grounds for this motion are that these statements and responses fail to comply with Local Rule 56.1.

As requested by Local Rule 56.1 and in support of the motion for summary judgment, Defendants filed Statement of Material Facts Not in Dispute of Defendants River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens ("Defendants' Statement"). In response to Defendants' Statement, Plaintiff filed Plaintiff's Reply to Statement of Material Facts Not in Dispute of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens ("Plaintiff's Reply"). While the Plaintiff admitted the majority of the facts contained in Defendants' Statement, forty-five (45) of Plaintiff's responses contained additional statements which were either conclusory allegations or assertions of fact with no citation to the record for support.

Local Rule 56.1 requires that a summary judgment motion "include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation [in the record]" and that the opposition "include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation [in the record]." Local R. 56.1. If the moving party complies with Local Rule 56.1, the material facts of record set forth in its statement "will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Id.

5

Plaintiff's additional comments in the above-referenced forty-five responses do not comply with Local Rule 56.1 because they are not supported by page references to affidavits, depositions or other documentation in the record. "District courts are not required to ferret through sloppy records in search of evidence supporting a party's case." Mercado-Alicea v. P.R. Tourism Company, 396 F.3d 46, 51 (1st Cir. 2005) (citing Morales v. A.C. Orssleff's EFTF, 246 F.3d. 32, 35 (1st Cir. 2001)). Since Plaintiff's additional comments lack any reference to the record and do not adhere to Local Rule 56.1, the comments should be stricken, and those forty-five facts contained in Defendants' Statements (which comply with Local Rule 56).1 should, for purposes of the summary judgment motion, be deemed admitted. See Local R. 56.1.

Similarly, Plaintiff's responses to facts numbered 92, 93, 94, and 95 are not in compliance with Local Rule 56.1. Rather than admit or deny each of the four factual statements, Plaintiff responded with a legal argument of "VHS is the alter-ego of H-C Management Company." Plaintiff asserts a legal conclusion, which is not supported factually or legally by the record and contains no citation to the record.

Since the four above-mentioned statements in Plaintiff's Reply are not in compliance with Local Rule 56.1, the Court should, for purposes of the summary judgment motion, deem that statements numbered 92, 93, 94 and 95 in Statement of Material Facts Not in Dispute of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens are admitted. See Brown v. Armstrong, 957 F.Supp. 1293, 1297 (D. Mass. 1997) (appropriate sanction for opposing party's failure to comply with Local R. 56.1 was to deem admitted all facts, supported by citation too the record, set forth in moving party's statement of fact).

6

## Conclusion

For all the foregoing reasons, Motion Of Defendants, River Valley Counseling Center, Inc., Valley Health Systems, Inc., and Donna Viens, to Strike Additional Statements Added to Responses to Defendants' Statement of Material Facts Not in Dispute should be allowed.

Dated: June 16, 2006

The Defendants
RIVER VALLEY COUNSELING CENTER, INC.,
VALLEY HEALTH SYSTEMS, INC.,
AND DONNA VIENS
By Their Attorney:

　/s/ Mary J. Kennedy
Francis D. Dibble, Jr. - BBO No. 123220
Mary J. Kennedy - BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P. O. Box 15507
Springfield, MA 01115-5507
Tel: (413) 272-6242
Fax: (413) 272-6803

## Local Rule 7.1 Certification

On June 16, 2006, I conferred with John Sikorski, counsel for plaintiff, and attempted in good faith to resolve or narrow the issue of this motion.

　/s/ Mary J. Kennedy
Mary J. Kennedy

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, by electronic filing, on June 16, 2006.

　/s/ Mary J. Kennedy
Mary J. Kennedy