UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30061-MAP

MARK A. RICHARDS,           )
    Plaintiff           )
                        )
vs.                         )
                        )
RIVER VALLEY COUNSELING CENTER, INC., )
VALLEY HEALTH SYSTEMS, INC.,          )
DAVID G. MATTOCKS AND DONNA VIENS,    )
    Defendants          )

**PLAINTIFF'S OPPOSITION TO DEFENDANT, DAVID G. MATTOCKS',
MOTION TO STRIKE CERTAIN STATEMENTS**

**SUMMARY OF ARGUMENT**

The plaintiff has complied with Local Rule 56.1. He has submitted a comprehensive Statement of Material Issues of Fact in Dispute along with appropriate record citation. In addition, the plaintiff has helped the Court focus its decision on the defendants' motions for summary judgment by filing a detailed, inappropriate response to the defendants' Statement of Material Issues of Fact not in Dispute.

The plaintiff has properly put in issue the fact that Mr. Mattocks was ultimately responsible for approving FMLA leave. At the summary judgment stage, the plaintiff is entitled to all reasonable inferences. In this day and age, decision makers rarely express discriminatory motives or animus in writing or otherwise. Mattocks' September 2, 2004 memorandum is highly probative and relevant.

The defendant Mattocks engaged in professional fraud, which is particularly egregious given the fact that he is in the mental health field where the level of educational accomplishments and

454594

experience is clearly a factor considered in the Massachusetts statutory scheme governing the level of mental health services individuals can provide. Inasmuch as Mattocks' testimony will be key in this case, a fact so clearly relevant to his credibility is admissible.

Mr. Richards was the program director who had to operate his program within the confines of the regulations of the Commonwealth of Massachusetts. As such, he is the most expert person to testify on the scope of those regulations and his testimony concerning it is relevant. The plaintiff agrees that his statements regarding his personal belief as to "what weighed" on Mr. Mattocks' mind should be taken as argument and not as a statement of fact.

## ARGUMENT

**1. The Plaintiff Complied With Local Rule 56.1.**

Local Rule 56.1 requires that an Opposition to a Motion for Summary Judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." The plaintiff filed a concise, yet detailed, Statement of Material Issues of Fact in Dispute as part of its Opposition to Motion for Summary Judgment of all Defendants. See Plaintiff's Opposition to Motions for Summary Judgment of all Defendants, pp. 4-12 along with portions of Confidential filing under Seal. This submission controverts the points raised by the defendant Mattocks in his Statement of Material Facts not in Issue.

The plaintiff also filed a point by point reply the defendants' Statement of Material Issues of Fact not in Dispute, admittedly without precise record citations in response to each and every such statement.

The defendant Mattocks has not responded to, nor controverted, most of the Statement of Material Issues of Fact in Dispute filed by the plaintiff.

454594

The defendant Mattocks now elevates form over substance by asking the Court to deem admitted certain facts stated in his Statement of Material Issues of Fact not in Dispute.

The defendant erroneously relies upon *Engler v. C.R. Bard, Inc.,* 1997 WL 136249 (D. Mass.) In *Engler,* Magistrate Judge Karol faced a situation where the plaintiff engaged in gamesmanship by circumventing a court order to shorten a proposed 52 page memorandum. The plaintiff turned the bulk of it into an Affidavit which did not contain a statement of disputed facts and no statement that purported to controvert the facts set forth in the plaintiff's statement of undisputed facts. *Id.* at *1-2. See also, *Brown v. Armstrong,* 957 F. Supp. 1293, 1297-1298 (D. Mass. 1997) (sanctions appropriate where the plaintiff fails to supply documents properly supported by citations to the records and which does not further the goal of sharply focusing areas of dispute).

If the Court deems it helpful, the plaintiff will file a supplemental response to the defendant Mattocks' Statement of Material Issues of Fact not in Dispute with more specific record citations.

**2.   The Plaintiff Properly Asserted That Mattocks As Well As Viens Was Responsible For Approving FMLA Leave.**

The plaintiff had far more experience at the agency than Ms. Viens or Mr. Mattocks. His statement, based on his experience, that that the CEO is responsible for granting FMLA leave should be allowed and considered by this Court.

**3.   Mattocks' Memorandum Expressed Deep Concern About Richards' Leave Of Absence.**

The defendant should argue at trial that Mattocks' statement has no relevance although made within days of learning that Richards would need significant intermittent leave for a period of six months to two years. The plaintiff is entitled to reasonable inferences at this stage of the litigation. The Court may couple the timing and content of the September 2, 2004 memorandum

454594

with the later false comment to Richards from Mattocks that Richards was taking a lot of time off for his daughter and the close temporal proximity to Richards' termination to support the plaintiff's right to trial.

4. **Mattocks' Professional Fraud Is Clearly An Issue In This Case.**

The plaintiff directs the Court to the confidential portions of his prior submissions on this point. The mental health field in the Commonwealth of Massachusetts is particularly sensitive to levels of academic achievements and experience. For the defendant Mattocks to have engaged in fraud on this important issue is clearly relevant to a case where his credibility is the main issue in the case. The fact that highest level officials of the Holyoke Hospital system would countenance such a fraud is also highly relevant to the credibility of the other defendants in this case.

5. **Richards' Experience With The Massachusetts Regulations Make His Comments About A Violation Of Regulations Relevant And Probative.**

Mr. Richards ran the day treatment program for years. He has the most experience of anyone involved in this case in interpreting and operating the program within the purview of those regulations. He is the expert on these regulations and therefore his views on their propriety is clearly relevant at this stage of the litigation. What is equally relevant is how the defendants appear to have been deathly afraid of asking the regulators themselves whether their conduct violated the law.

6. **Richards' Personal Beliefs As To What Weighed On Mr. Mattocks Mind Should Be Considered By The Court As Argument Not A Statement Of Fact.**

### CONCLUSION

This is not a case like that facing this Court and the First Circuit in *Quinones v. Houser Buick,* 436 F.3d 284 (1st Cir. 2006) where plaintiff's counsel utterly failed to assist a Court in ascertaining what facts are at issue in the case. The plaintiff has clearly controverted, with

454594

appropriate record citation, the thrust of the defendant Mattocks' Statement of Material Issues of Fact not in Dispute. Accordingly, the defendants' motion should be denied.

THE PLAINTIFF
MARK A. RICHARDS


By     */s/ John C. Sikorski*
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970
jsikorski@robinson-donovan.com

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of June, 2006.

    */s/ John C. Sikorski*
John C. Sikorski, Esq.

454594