UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| RIVER VALLEY COUNSELING CENTER, INC.,<br>VALLEY HEALTH SYSTEMS, INC.,<br>DAVID G. MATTOCKS AND DONNA VIENS,<br>    Defendants | )<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS, RIVER VALLEY COUNSELING CENTER, INC., VALLEY HEALTH SYSTEMS, INC. AND DONNA VIENS', MOTION TO STRIKE ADDITIONAL STATEMENTS ADDED TO PLAINTIFF'S RESPONSES TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

ARGUMENT

**1. The Plaintiff Complied With Local Rule 56.1.**

Local Rule 56.1 requires that an Opposition to a Motion for Summary Judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." The plaintiff filed a concise, yet detailed, Statement of Material Issues of Fact in Dispute as part of its Opposition to Motion for Summary Judgment of all Defendants. See Plaintiff's Opposition to Motions for Summary Judgment of all Defendants, pp. 4-12 along with portions of Confidential filing under Seal. This submission controverts the points raised by the defendants in their Statement of Material Facts not in Issue.

The plaintiff also filed a point by point reply to the defendants' Statement of Material Issues of Fact not in Dispute, admittedly without precise record citations in response to each and every such statement.

454603

The defendants have not responded to, nor controverted, most of the Statement of Material Issues of Fact in Dispute filed by the plaintiff.

The defendants now elevate form over substance by asking the Court to deem admitted certain facts stated in his Statement of Material Issues of Fact not in Dispute.

The defendant erroneously relies upon *Engler v. C.R. Bard, Inc.,* 1997 WL 136249 (D. Mass.) In *Engler,* Magistrate Judge Karol faced a situation where the plaintiff engaged in gamesmanship by circumventing a court order to shorten a proposed 52 page memorandum by turning the bulk of it into an Affidavit which did not contain a statement of disputed facts and no statement that purported to controvert the facts set forth in the plaintiff's statement of undisputed facts. *Id.* at *1-2. See also, *Brown v. Armstrong,* 957 F. Supp. 1293, 1297-1298 (D. Mass. 1997) (sanctions appropriate where fails to supply documents properly supported by citations to the records and which does not further the goal of sharply focusing areas of dispute).

If the Court deems it helpful, the plaintiff will file a supplemental response to the defendants' Statement of Material Issues of Fact not in Dispute with more specific record citations but would also request the Court to note that the defendants have not specifically controverted the detailed Statement of Material Issues of Fact in Dispute filed by the plaintiff.

2. **Conclusion.**

This Court should deny the defendants' Motion to Strike.

> THE PLAINTIFF
> MARK A. RICHARDS
>
> By   */s/ John C. Sikorski, Esq.*
> John C. Sikorski, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.: 461970
> jsikorski@robinson-donovan.com

454603

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of June, 2006.

                */s/ John C. Sikorski*
                John C. Sikorski, Esq.

454603