UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


MARK A. RICHARDS,                )
          Plaintiff              )
                                 )
     v.                          ) C.A. NO. 05-30061-MAP
                                 )
RIVER VALLEY COUNSELING          )
CENTER, INC., ET AL,             )
          Defendants             )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND DEFENDANTS' MOTIONS TO STRIKE
(Dkt. Nos. 44, 47, 59 & 61)

November 27, 2006

PONSOR, D.J.

     Plaintiff has filed a five-count complaint against

Defendants River Valley Counseling Center, Inc. ("RVCC"),

Valley Health Systems, Inc. ("VHS"), Donna Viens and David

G. Mattocks.  Plaintiff seeks damages for violation of the

Family Medical Leave Act ("FMLA")(Count I); the Americans

with Disabilities Act ("ADA") (Count II); Mass. Gen. Laws

ch. 151B (handicap discrimination) (Count III); the Age

Discrimination in Employment Act ("ADEA")(Count IV), and

Mass. Gen. Laws ch. 151B (age discrimination)(Count V).

     Counsel appeared for argument on Defendants' Motions for

Summary Judgment on November 20, 2006.  Following argument,

the court indicated that it would be allowing the motions,

in part.  This memorandum will summarize the court's ruling

and its reasons.

With regard to Count I, the claim under the FMLA, the court granted summary judgment for Defendants Viens and VHS. No reasonable factfinder, on the record of this case, could find that either of these defendants played any role in the decision to terminate Plaintiff.  On the other hand, the court denied the motion with regard to Defendants Mattocks and RVCC on the ground that disputed facts exist as to whether Plaintiff's termination by these two parties was motivated by his invocation of his rights under the FMLA.

With regard to Count II, the claim under the ADA, the court granted summary judgment as to Defendants Viens and Mattocks, on the ground that there is no individual liability under this statute.  With regard to Defendant VHS, the court also allowed summary judgment on the ground that VHS played no part in the decision to terminate Plaintiff. The court denied the motion with regard to RVCC, though the

facts supporting this count were considerably weaker than the facts supporting the FMLA claim.  Giving Plaintiff the benefit of the doubt, the court will permit this count to proceed to trial, on the theory that Plaintiff's termination was somehow related to discriminatory animus based upon Plaintiff's daughter's disability.

-2-

With regard to Count III, the court granted summary judgment with regard to all Defendants, based on the lack of any legal foundation for the theory offered in support of this count.

With regard to Counts IV and IV, the court granted summary judgment with regard to all Defendants, on the ground that no reasonable factfinder could conclude on this record that Plaintiff's age played any part in Defendants' decision to terminate him.

The Motions to Strike are DENIED, as moot, since the court has not relied on any portions of the record that Defendants object to in making its rulings.

To summarize, the Motions for Summary Judgment (Dkt. Nos. 44 & 47) are ALLOWED, in part, as described above. The case will proceed only on Count I as to Defendants RVCC and Mattocks and on Count II as to RVCC. The Motions to Strike (Dkt. Nos. 59 & 61) are DENIED. By separate order the court has established a schedule for disposition of the remaining issues in this case.

It is So Ordered.

> /s/ Michael A. Ponsor
> MICHAEL A. PONSOR
> U. S. District Judge