UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30061-MAP

| | |
|---|---|
| MARK A. RICHARDS,<br>　　　Plaintiff<br><br>vs.<br><br>RIVER VALLEY COUNSELING<br>CENTER, INC., et al.,<br>　　　Defendants | DEFENDANT, RIVER VALLEY<br>COUNSELING CENTER, INC.'S<br>PRETRIAL MEMORANDUM |

Pursuant to Fed. R. Civ. P. 16(d), Rule 16.5 of the Local Rules of the United States District Court for the District of Massachusetts, and this Court's order dated November 27, 2006, defendant, River Valley Counseling Center, Inc. ("RVCC"), files the following pretrial memorandum.

**I.    Concise Statement of the Evidence That Will be Offered by River Valley Counseling Center, Inc. With Respect to Both Liability and Damages**

RVCC will show that it did not terminate the employment of the plaintiff, Mark A. Richards ("Mr. Richards") because of his FMLA leave or his daughter's disability. RVCC provides psychiatric, social and medical services to the Springfield, Holyoke, and Chicopee communities. In approximately 1992, Plaintiff became an employee of RVCC, when RVCC took over the Highland Day Treatment Center in Springfield where Plaintiff was employed as the Program Director. During the late 1990's, RVCC was having significant financial difficulties. As a cost savings, RVCC terminated the employment of the Program Director for RVCC's Day Treatment Program in Holyoke, and for a period of time Plaintiff was the Program Director for both of RVCC's Day Treatment Programs in Holyoke and in Springfield. In approximately 1997, RVCC stopped operating the Day Treatment Program in Springfield, and Plaintiff continued as the Program Director for RVCC's program in Holyoke.

In 1999, Plaintiff's daughter was diagnosed with depression and psychosis. In 2000, RVCC approved intermittent family medical leave for Plaintiff in order to care for his daughter in the mornings. Plaintiff did not fill out any request for family medical leave in 2001 or 2002, but continued to take time off from work to care for his daughter.

As a result of the significant financial difficulties, in the early 2000's RVCC underwent reorganization and cost cutting efforts, including elimination of positions.

In July 2004, David Mattocks ("Mr. Mattocks") was hired as the Executive Director of RVCC. At the time he was hired and during his tenure, Mr. Mattocks was told that RVCC had been operating under a significant deficit for many years, and that, whenever possible, to take cost reduction measures.

In August 2004, RVCC hired Donna Viens ("Ms. Viens") as its Director of Human Resources. Plaintiff had good work relationships with both Mr. Mattocks and Ms. Viens.

In the summer of 2004, Plaintiff's daughter was diagnosed with late-stage Lyme Disease. The physicians of Plaintiff's daughter related her prior symptoms of depression and psychosis to late-stage Lyme Disease. On August 30, 2004, Plaintiff requested intermittent FMLA leave to care for the medical needs of his daughter. On September 3, 2004, Ms. Viens gave Plaintiff a Request for Leave of Absence form and Medical Certification form. Plaintiff submitted to RVCC a Medical Certification form indicating that Plaintiff's daughter had late-stage Lyme Disease which affected neurologic and other body systems and that daily IV antibiotic treatments were required for a period of four months to two years. The form also identified the care to be provided by the Plaintiff to his daughter as providing infusion of IV antibiotics, transporting his daughter to medical

appointments, providing nursing care, and being a liaison with his daughter's medical providers.

In the late summer of 2004, Plaintiff spoke with Mr. Mattocks about increasing the salary of the supervisor in the Day Treatment Program, David Avakian ("Mr. Avakian") because he was looking for a job with higher wages elsewhere. Plaintiff believed Mr. Avakian was a very valuable employee, who had been at the program for eighteen years. As a supervisor, Mr. Avakian was the only person who could step in for the Plaintiff. Mr. Mattocks told Plaintiff that he was going ahead with the raise for Mr. Avakian and that Mr. Avakian would have a new position of Assistant Program Director. Plaintiff agreed with Mr. Mattocks' decision to make Mr. Avakian the Assistant Program Director. On September 16, 2004, Mr. Mattocks notified Mr. Avakian of the promotion to the new position of Assistant Director of Psychiatric Day Treatment Program.

On September 17, 2004, Ms. Viens approved Plaintiff's request for intermittent FMLA leave. In the approval letter, Plaintiff was instructed to inform Mr. Mattocks when he was going on intermittent leave or using intermittent leave. Plaintiff did not provide Mr. Mattocks or the Human Resources Department with information indicating the hours that he took intermittent FMLA leave. Plaintiff did not tell Mr. Mattocks about every appointment and every time he was out on intermittent FMLA leave. Instead, Plaintiff only told Mr. Mattocks of his FMLA absences when they had a scheduled meeting and he was unable to attend that meeting because of his daughter's condition.

In the fall of 2004, Mr. Mattocks asked Plaintiff to attend a small group meeting of managers that was held early-mornings, approximately three days a week. Plaintiff told Mr. Mattocks that he had a daily meeting at his own program that overlapped with the small group meeting of managers and that sometimes it might be difficult for him to

3

attend due to his daughter. Plaintiff asked Mr. Mattocks the purpose of the meeting, what his role would be, and if there was some other way he could be of assistance. In response, Mr. Mattocks said that he was still working out the purposes of the meetings. Mr. Mattocks did not tell Plaintiff that he had to attend those meetings.

In late October/early November 2004, Mr. Mattocks made the decision to eliminate Plaintiff's position for cost saving reasons. Mr. Mattocks eliminated Plaintiff's position because his responsibilities had been subsumed by a subordinate and that the elimination of Plaintiff's salary would contribute to the financial success of RVCC.

On November 4, 2004, Mr. Mattocks met with Mr. Richards, with Ms. Viens present. Mr. Mattocks told Plaintiff that he was terminating his employment and that his termination of employment had nothing to do with his performance, but was for cost saving reasons. Mr. Mattocks told Plaintiff that RVCC's Clinical Director, Jeffrey Kassis ("Mr. Kassis"), with Mr. Avakian playing a role, would replace him. Plaintiff said that he wanted a way to save face and to present his termination to the staff in a way that sounded like he was leaving to care for his daughter rather than being laid off. Later that day, Plaintiff and Mr. Mattocks met with RVCC's Day Treatment staff present on that day. Plaintiff told the staff that the reason he was leaving was because of his daughter being ill, that he was going to be home to take care of her, and that Administration decided that he should leave right away. Plaintiff sent out a memo to approximately fifteen people announcing that he was leaving the agency due to family illness.

After his employment at RVCC ended, Mr. Richards collected unemployment benefits and decided to start his own consulting business. Mr. Richards did not apply for a variety of jobs in the mental health field that he was qualified for because he was

planning to start his own business. Plaintiff failed to use reasonable diligence in finding alternative suitable employment.

1. FMLA Retaliation Claim

In order to establish a prima facie case of retaliation under FMLA, Plaintiff must prove that (1) he asserted a protected right under FMLA; (2) RVCC terminated his employment; and (3) there is a causal connection between Plaintiff's use of intermittent FMLA leave and the termination of his employment. Colburn v. Parker Hannifin/Nichols Portland Division, 429 F.3d 325, 336 n. 10 (1st Cir. 2005). Plaintiff cannot prove the third element of his prima facie case, a causal connection between his use of intermittent FMLA leave starting in September 2004 and the termination of his employment two months later in November 2004. In addition to failing to establish a prima facie case of FMLA violation, Plaintiff cannot prove that RVCC terminated Plaintiff's employment because of his FMLA leave.

2. Handicap Association Claim Under ADA

In order to establish that a prima facie case of handicap association under the ADA, Plaintiff must prove that (1) he was qualified for the position; (2) he was subjected to an adverse employment action; (3) he was known by RVCC at the time to have a daughter with a disability, as defined by the American with Disabilities Act ("ADA"); and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of his daughter was a determining factor in RVCC's decision. Barker v. International Paper Co., 993 F. Supp. 10, 14 (D. Me. 1998).

Plaintiff cannot prove the third and fourth elements of his prima facie case. Plaintiff cannot show that his daughter's medical condition substantially limited a major life activity, as required by the ADA. Even if Plaintiff's daughter had a disability within

5

the meaning of the ADA, which he cannot prove, Plaintiff also cannot show that his daughter's disability was a determining factor in RVCC's decision to eliminate his position.

In addition to failing to prove a prima facie case of handicap association discrimination, Plaintiff cannot prove that RVCC terminated his employment because of his daughter's disability. Plaintiff does not claim and has no evidence that RVCC denied him time off to care for his daughter or take her to appointments or that RVCC made any comments concerning his daughter's medical condition, other than to express concern and sympathy.

## II. Statement of Facts Established by the Pleadings, by Admissions or by Stipulation

None.

## III. Contested Issues of Fact

FMLA

1. Whether Plaintiff used the approved intermittent FMLA leave.

2. Whether Mr. Mattocks knew Plaintiff was using the approved intermittent FMLA leave.

3. Whether RVCC terminated Plaintiff's employment because he used intermittent FMLA leave approved by RVCC on September 17, 2004.

4. Whether RVCC terminated Plaintiff employment for cost saving reasons.

5. Whether Plaintiff sustained any damages as a result of the alleged violation of FMLA.

6. Whether Plaintiff exercised reasonable diligence in finding suitable employment.

      7.      Whether RVCC's actions in terminating Plaintiff's employment were in good faith and made with a reasonable belief of no violation of FMLA.

      <u>Handicap Association</u>

      8.      Whether Plaintiff's daughter had a medical condition that substantially limited a major life activity.

      9.      Whether Plaintiff's termination of employment occurred under circumstances raising a reasonable inference that the alleged disability of Plaintiff's daughter was a determining factor in RVCC's decision to terminate Plaintiff's employment.

      10.      Whether RVCC terminated Plaintiff's employment for cost saving reasons.

      11.      Whether RVCC terminated Plaintiff's employment because of his daughter's alleged disability.

      12.      Whether Plaintiff sustained any damages as a result of the alleged violation of the ADA.

      13.      Whether RVCC acted with malice or reckless indifference in terminating Plaintiff's employment.

      14.      Whether Plaintiff failed to mitigate his damages under the ADA.

**IV.    Jurisdictional Questions**

      None.

**V.    Questions Raised by Pending Motions**

      None.

VI. **Issues of Law, Including Evidentiary Questions, Together With Supporting Authority**

    1. Whether as a matter of law Plaintiff cannot establish a prima facie case of FMLA retaliation when he cannot prove the a causal connection between his use of intermittent FMLA leave and the termination of his employment.

    2. Whether as a matter of law Plaintiff cannot establish a prima facie case of handicap association discrimination when he cannot prove that his daughter has a disability within the meaning of the ADA and that her disability was a determining factor in RVCC's decision to eliminate his position.

    3. Whether as a matter of law Plaintiff cannot establish that his termination of employment was in retaliation for using FMLA leave.

    4. Whether as a matter of law Plaintiff cannot establish that his termination of employment was because of his daughter's disability

VII. **Requested Amendments to the Pleadings**

    None.

VIII. **Additional Matters to Aid in Disposition of the Case**

    None at this time.

IX. **Probable Length of Trial and Whether Jury or Non-Jury**

    Five days.

X. **List of the Names and Addresses of Witnesses who Will Testify at Trial and the Purpose of the Testimony**

    1. David Mattocks, Mira Vista, 71 Valley View Drive, Vernon, VT; testimony regarding termination of Plaintiff's employment, knowledge of the medical condition of Plaintiff's daughter, Plaintiff's FMLA leave, and Mr. Avakian's promotion to Assistant Director, and RVCC.

   2.   Donna Viens, 31 Bayberry Lane, West Springfield, MA; testimony regarding Plaintiff's FMLA leave, knowledge regarding the medical condition of Plaintiff's daughter, FMLA leave of other RVCC employees, Plaintiff's termination of employment, and RVCC.

   3.   Jeffrey Kassis, 80 Morgan Street, Amherst, MA; testimony regarding Plaintiff's FMLA leave, knowledge of the medical condition of Plaintiff's daughter, RVCC, and Plaintiff's termination of employment.

   4.   David Avakian, 99 Chesterfield Road, Westhampton, MA; testimony regarding Plaintiff's FMLA leave, Assistant Program Director position, and knowledge of the medical condition of plaintiff's daughter, Plaintiff's termination of employment, and RVCC.

   5.   Matthew Haas, Northampton, MA; testimony regarding RVCC.

**XI.   List of the Proposed Exhibits to be Offered by RVCC at Trial**

   1.   August 30, 2004 Memo from Plaintiff to Mr. Mattocks

   2.   September 3, 2004 Letter from Ms. Viens to Plaintiff

   3.   LOA – Form 1: Request for Leave(s) of Absence dated September 8, 2004

   4.   September 17, 2004 Letter from Ms. Viens to Plaintiff

   5.   September 16, 2004 Letter from Mr. Mattocks to Mr. Avakian

   6.   September 17, 2004 Employee Status Notice relating to Mr. Avakian

   7.   November 4, 2004 Letter from Mr. Richards to Mental Health Colleague

   8.   RVCC Employee Time Sheets for Plaintiff for Pay Period Ending July 11, 2004 to Pay Period Ending October 31, 2004

   9.   Plaintiff's 2004 Day Calendar.

   10.   Handwritten Notes taken by Plaintiff on November 4, 2004.

   11.   RVCC's FMLA Policy.

   12.   December 30, 2004 Letter from Mr. Kassis regarding elimination of position.

   13.   March 17, 2005 Memo from Mr. Mattocks regarding reduction in force.

   14.   June 13, 2005 Memo from Marianne Polmatier regarding reduction in force.

15. Employee status notices dated July 18, 2005 regarding position elimination due to grant funding.

16. LOA Request Form relating to David Avakian dated March 17, 2003.

17. RVCC Terminations Chart (7/1/04 – 9/9/05)

18. Two RVCC Ads produced by Plaintiff

19. Ad for Program Director at Behavioral Health Network

20. Ad for Social Workers at the Village for Families & Children, Inc.

                                        The Defendant
                                        RIVER VALLEY COUNSELING CENTER, INC.
                                        By Its Attorney:

Dated:  December 18, 2006        /s/ Mary J. Kennedy
                                        Francis D. Dibble, Jr.
                                        BBO No. 123220
                                        Mary J. Kennedy
                                        BBO No. 552345
                                        Bulkley, Richardson and Gelinas, LLP
                                        1500 Main Street, Suite 2700
                                        P. O. Box 15507
                                        Springfield, MA 01115-5507
                                        Tel:  (413) 272-6242
                                        Fax:  (413) 272-6803

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, by electronic filing, on December 18, 2006.

                                        /s/ Mary J. Kennedy
                                        Mary J. Kennedy