UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK RICHARDS,<br><br>                      Plaintiff,<br><br>vs.<br><br>RIVER VALLEY COUNSELING CENTER, INC., VALLEY HEALTH SYSTEMS, INC., DAVID G. MATTOCKS, and DONNA VIENS,<br><br>                      Defendants. | CIVIL ACTION NO. 05-30061-MAP |

**DEFENDANT MATTOCKS PRETRIAL MEMORANDUM**

The Defendant, David G. Mattocks, submits this Pretrial Memorandum pursuant to the Court's November 27, 2006 Procedural Order.

(1) <u>Concise Statement of Defendant Mattocks' Evidence Regarding Liability And Damages.</u>

Defendant Mattocks' evidence will demonstrate that Mr. Richard's FMLA leave was not the reason he was separated from employment with River Valley. Rather, evidence will show that in early summer 2004, Defendant Mattocks was hired to be the Executive Director of River Valley, and that since the time of his hire, Defendant Mattocks' superiors instructed him to cut costs and increase revenue at River Valley. Evidence will further demonstrate that Defendant Mattocks attempted to cut costs in any manner and by any amount possible by utilizing a variety of means---from performing graphic design services himself that

had been previously outsourced---to eliminating positions.  Evidence will demonstrate that Mattocks took his instruction to reduce costs seriously and looked for a variety of means by which to do so.

     Evidence will further demonstrate that in the late summer and early fall of 2004, Plaintiff who reported to both Defendant Mattocks and another long-term employee, Jeffrey Kassis, River Valley's Clinical Director, strongly and successfully advocated to Defendant Mattocks for a raise and promotion on behalf of his next-in-charge, Program Supervisor David Avakian.  The evidence will show that Mr. Avakian, as described by Plaintiff, was a great leader and Clinician and was able to fill Mr. Richards' role in his absence.  The evidence will further show that this, thereafter, in the fall of 2004, while still trying to cut costs any way possible, Defendant Mattocks considered eliminating Mr. Richards' position to save the expense of his salary.  To achieve this result, Defendant Mattocks considered that Mr. Avakian could have day-to-day oversight for the program and Mr. Richards' other supervisor, Mr. Kassis, could take over clinical responsibility for the Program as he had experience overseeing its clinical aspects.  The evidence will show that after making some inquiries as to whether the restructuring would result in a violation of any regulations and concluding it would not, Mr. Mattocks decided to eliminate Plaintiff's position which resulted in a cost savings of several thousand dollars.  The evidence will further show that Defendant Mattocks informed Mr. Richards on November 4, 2004 that his position had been eliminated and that thereafter Mr. Richards' duties were

divided up as planned. Mr. Mattocks continued to cut costs in River Valley until he resigned in 2005 due to his own illness.

Defendant's evidence will also show that after Plaintiff's separation from employment, substantially equivalent jobs were available in the relevant geographic area and that Plaintiff failed to use reasonable diligence in the effort to secure other suitable employment. Instead, he collected unemployment compensation and made plans to start his own consulting business.

(2) <u>Statement of Facts Established by Pleadings, Admissions or Stipulation</u>

None.

(3) <u>Contested Issues of Fact</u>

A. Did Plaintiff take FMLA-qualifying leave prior to his termination?

B. Was Defendant Mattocks aware that Plaintiff took FMLA-qualifying leave?

C. Did Defendant Mattocks cancel a meeting he had with Plaintiff because Plaintiff had exercised FMLA rights?

D. Did Defendant Mattocks stop by to speak with Plaintiff less frequently because he had exercised FMLA rights?

E. Did Defendant Mattocks fail to invite Plaintiff to certain meetings because he had exercised his FMLA rights?

F. Did Defendant Mattocks terminate Plaintiff's employment to reduce expenses?

G. Were Plaintiff's duties transferred to two, indisputably qualified people, saving River Valley thousands of dollars?

    H. Did Plaintiff use reasonable diligence to secure alternate employment after his termination?

(4) <u>Jurisdictional Issues</u>

Defendant Mattocks is not aware of any jurisdictional issues.

(5) <u>Questions Raised by Pending Motions.</u>

There are no pending motions.

(6) <u>Issues of Law, Including Evidentiary Questions, Together with Supporting Authority.</u>

    A. Can Plaintiff demonstrate a *prima facie* case of retaliation by demonstrating that (1) he availed himself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; and (3) there is a causal connection between the employee's protected activity and Defendant Mattocks' adverse employment action? *Hodgens v. General Dynamics Co.,* 144 F 3d 151, 161 (1st Cir. 1998).

    B. Was Defendant Mattocks' elimination of Plaintiff's position to reduce River Valley's expenses a legitimate, non-discriminatory reason for Plaintiff's termination?

    C. Can Plaintiff prove by a preponderance of the evidence that he was terminated in retaliation for exercise of rights protected by the FMLA? *Colburn v. Parker Hannifin/Nichols Porland Div.*, 429 F.3d 325 (1st Cir. 2005).

   D. Did Plaintiff use reasonable diligence in the effort so secure other suitable employment after his separation from River Valley?

   *Johnson v. Spencer Press of Maine*, 364 F.3d 368, 379, 380 (1st Cir. 2004); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1 (1st Cir. 1999).

(7) <u>Any Requested Amendments to the Pleadings</u>

   None.

(8) <u>Additional Matters to Aid in the Disposition of the Case</u>.

   Defendant Mattocks is interested in attempting to resolve this matter by mediation.

(9) <u>Probable Length of Trial and Jury or Non-Jury</u>

   Five days/jury trial. Plaintiff to set forth jury vs. non-jury issues.

(10) <u>List of the Names and Addresses of Witnesses who will Testify at Trial and the Purpose of the Testimony</u>

   Defendant Mattocks' intends to call the same witnesses who are set forth in the Co-Defendants' Pretrial Memorandum.

(11) <u>List of Proposed Exhibits – Objectionable and Non-Objectionable</u>

   *Non-Objectionable*

   Defendant Mattocks' intends to utilize the same exhibits set forth in the Co-Defendants' Pretrial Memorandum.

   *Objectionable: Defendants' Objections to Plaintiff's Proposed Exhibits*

1. Plaintiff's proposed Exhibit 2, "Gateway Regional School District Section 504 Conference Committee Report and 504 Individualized Education plan of Mr. Richards' daughter Leigh Richards."

5

2. Plaintiff's proposed Exhibit 3, "HealthCare Review article, dated 8/23/04, and MassLive.com article, dated 8/25/04, both concerning Mr. Mattocks."

3. Plaintiff's proposed Exhibit 4, "Correspondence from Atty. Sikorski, including articles and literature concerning Parkwood University and diploma/degree mills."

4. Plaintiff's proposed Exhibit 19, "MCAD Charge of Discrimination."

5. Plaintiff's proposed Exhibit 21, "Compensation Analysis."

*Plaintiff's Objection to Defendants' Proposed Exhibits*

Plaintiff has indicated that he objects to Defendants' Proposed Exhibit 10, "Handwritten Notes taken by Plaintiff on November 4, 2004," as is and would like a partial redaction of the notes.

Respectfully Submitted,

 /s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant Mattocks
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  December 18, 2006    Tel. (413) 737-4753/Fax (413) 787-1941


CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant David Mattocks' Pretrial Memorandum* was served upon the attorney of record for each other party via electronic filing on December 18, 2006.

 /s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.